B. F. WALLIS *et al.*, plaintiffs in error, *vs.* G. M. OSTEEN, defendant in error.

When the possession of a watch had been awarded to a party by the judgment of a Judge, or Justice, under a possessory warrant, as provided by the 3959th section of the Code, and an action of trover is brought to recover the possession of the watch from such party having possession thereof, under such judgment,

*Held:* that the plaintiff must prove a general property, or title in himself to the watch, to entitle him to recover the possession of it from the defendant.

Trover.    Charge of the Court.    By Judge WORRILL. Chattahoochee Superior Court.    September Term, 1868.

Osteen had a watch, which both he and Wallis, and E. G. Raiford claimed. That watch was left, by Osteen, with a jeweller to be repaired. When it was sent for, the jeweller, by mistake, sent another watch to Osteen. The defendants, by possessory warrant against Osteen, got possession of this watch, and, to regain it; Osteen brought trover against them. After the evidence was introduced, the defendants moved to dismiss the case, on the ground that the plaintiff had failed to prove property in himself. The Court refused to dismiss the case, holding that plaintiff need not show title; it was not necessary for him to do more than show that he had a right to the possession of said watch. And so the Court charged the jury. The plaintiff recovered. The defendant moved for a new trial, upon the ground that said charge was erroneous.

E. G. RAIFORD, (by Peabody,) for plaintiff in error.

D. H. BURTS, (by the Reporter,) for defendant in error.

WARNER, J.

The question made by the record in this case is, whether the plaintiff in the Court below could maintain his action of trover for the watch, against the defendants, without shewing title in himself thereto ?  The defendants had the possession of the watch, under the judgment of a Judge, or Justice, as provided by the 3959th section of the Code; that possession was, *prima facie*, lawful, as against the plaintiff, and to allow him to recover the watch from the defendants, on proof of his *former possession alone*, was but reopening the question of possession of the watch, which had been adjudicated under the possessory-warrant proceeding.   The judgment in that proceeding determined the *right* of possession to the watch, as between the parties, to belong to the defendants.   In order to deprive them of that *lawful* possession, thus acquired, the plaintiff was bound to show something more than his former *possession* of the watch ; he was bound to show a *right* to the *present possession* of the watch as against *the defendants*.   If he had shewn, by the evidence, a general property in the watch, or title thereto in himself, then he would have shewn *his right* to the possession of it by *construction of law*, as against the defendants, who relied on their *possession* alone. See 2 Greenleaf's Evidence, 528, section 640.   We think the Court below erred, in holding that the plaintiff was entitled to recover the watch from the defendant, under the evidence in this case.

Let the judgment of the Court below be reversed.