## MERCHANTS AND MINERS TRANSPORTATION COMPANY *v.* MOORE & COMPANY.

1. Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion. It is unnecessary to show that the defendant applied it to his own use, if he exercised dominion over it in defiance of the owner's right, or in a manner inconsistent with it. It is in law a conversion whether it be for his own or any other's use.

2. In an action for the recovery of damages on account of a conversion, proof of a demand and a refusal is only required as evidence of the conversion; and where the conversion is shown by other evidence, such proof is not essential.

3. A carrier is chargeable with a conversion at the instance of the consignee or his assigns, if he deliver the goods to any other person; and this is true notwithstanding the carrier acts in entire good faith, and the wrong delivery is the result of an innocent mistake on the part of another carrier from whom he received the goods.

4. When a carrier is guilty of a conversion resulting from a wrong delivery he can not take advantage of a stipulation in a bill of lading which provides that "claims for loss or damage must be made. in writing to the agent at the point of delivery promptly after the arrival of the property; and if delayed for more than thirty days after delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event."

5. In an action of tort against a carrier for the conversion of goods consigned to the plaintiff, the carrier can not take advantage of his own wrong, and lessen the measure of his liability, by invoking a stipulation in a bill of lading that in the event of loss the measure of damages shall be the value of the property at the time and place of shipment.

Submitted November 18,—Decided December 21, 1905.

Trover.   Before Judge Norwood.   City court of Savannah. June 26, 1905.

Moore & Company brought suit in trover against the Merchants and Miners Transportation Company, for 301 sacks of oats. An agreed statement of facts was submitted to the court, which in brief is as follows: On October 21, 1903, Joseph Gregg shipped from Chicago to Savannah, over the Baltimore & Ohio Railroad, 301 sacks of oats, consigned to the order of Joseph Gregg, with direction to notify Moore & Company. The bill of lading was issued to Joseph Gregg, who indorsed it and attached it to a draft on Moore & Company for $579.50, which was paid by Moore & Company, who thus obtained the bill of lading. The oats were billed to Moore & Company for $699.83, the freight being $112.80, and brokerage $7.53. The Baltimore and Ohio Railroad Company transported the

oats to Baltimore, and there delivered them to the defendant, but by an error delivered them upon a way-bill directing delivery to Ganahl & Saussy, at Jacksonville, Florida. The defendant brought the oats to Savannah, where they were recognized by a clerk of Moore & Company as the shipment for which Moore & Company had received the bill of lading. Moore & Company so notified the defendant, but pending an investigation the defendant delivered the oats to the Seaboard Air-Line Railway to be carried to Jacksonville, as per way-bill.

*Garrard & Meldrim,* for plaintiff in error.
*Osborne & Lawrence,* contra.

COBB, P. J. The foregoing statement of facts makes out a clear case of conversion upon the part of the Merchants and Miners Transportation Company. That it acted in good faith in delivering the oats in accordance with the direction of its principal, the Baltimore and Ohio Railroad Company, is no defense against the true owner of the property. "An agent who, for and in behalf of his principal, takes the property of another without the latter's consent is, as to him, guilty of a conversion, although, being ignorant of the true owner's title, the agent may have acted in perfect good faith; and such agent may be sued in trover for the property, even after his delivery of it to his principal." *Miller* v. *Wilson,* 98 *Ga.* 567; approved in *Flannery* v. *Harley,* 117 *Ga.* 485.

Nor do we think in such a case a demand is necessary before the institution of suit. In *Miller* v. *Wilson,* supra, Chief Justice Simmons, says: "When an actual conversion is shown, no demand is necessary, evidence of demand and refusal being required only as evidence of a conversion." See also *Rushin* v. *Tharpe,* 88 *Ga.* 782.

But it is contended that a demand is necessary in the case at bar, by reason of a stipulation in the bill of lading that "claims for loss or damage must be made in writing to the agent at the point of delivery promptly after the arrival of the property; and if delayed for more than thirty days after delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event." A suit in trover is not an action for loss or damage to property, but an action for conversion of property. The conversion on the part of the carrier is an abandonment by it of its contract of shipment. It can not repudiate this contract and then hold the

shipper to its terms. Further, we do not think the terms of the contract cover such an eventuality. It was never contemplated by either party that a claim for damages should be presented to the carrier for the result of its voluntary act. It was the purpose of the contract to provide a procedure for the adjustment of damage suffered by reason of some occurence for which the carrier was liable, but which it did not wilfully bring about. There would be no reason in demanding that a claim be presented for damages flowing from an act which by its very commission denies any right in the claimant. For the same reasons, a stipulation in the bill of lading that the amount of any loss or damage shall be computed at the value of the property at the time and place of shipment is not binding upon the plaintiffs in this action. See *Sav. Ry. Co.* v. *Sloat,* 93 *Ga.* 803; *G. S. & F. Ry. Co.* v. *Johnson,* 121 *Ga.* 233; *Central Ry. Co.* v. *Chicago Portrait Co.,* 122 *Ga.* 11.

The plaintiffs elected to demand a verdict for damages alone, and were entitled to the highest proved value of the property converted, between the date of conversion and the date of the trial. Civil Code, §3917. See *Holmes* v. *Langston,* 110 *Ga.* 866, and cit. The verdict rendered gives this amount to the plaintiffs, after deducting what would have been the freight charges.

No sufficient reason has been shown for reversing the judgment, and it is accordingly          *Affirmed. All the Justices concur.*