## 5065.   BARTON *v.* THOMPSON.

Property in the possession of a levying officer in pursuance of lawful process can not, upon the dismissal of the proceeding upon which the process was founded, be recovered from the officer in an action of trover brought by the person at whose instance the process was issued. After the dismissal of the proceeding it is the duty of the officer to return the property to the person from whom it was taken, and his refusal to deliver it to the person who caused the process to be issued is not a conversion.

DECIDED NOVEMBER 25, 1913.

Trover; from city court of Fitzgerald—Judge Griffin. June 28, 1913.

*Lewis A. Mills Jr., McDonald & Grantham,* for plaintiff in error.

POTTLE, J. Zorn gave Thompson a bill of sale to a piano, but did not surrender the piano. Thompson sued out a possessory warrant, which was placed in the hands of Barton, a deputy sheriff. Barton executed the warrant and seized the piano. While the instrument was in his hands Thompson dismissed the possessory-warrant proceeding, and brought an action of trover against Barton to recover the piano. A verdict was returned in the plaintiff's favor, and Barton excepts to the overruling of his motion for a new trial. The motion should have been granted. The gist of the action of trover is conversion. Thompson elected to take the piano, but he might have elected to take a money judgment as damages for the conversion. The property was rightfully in Barton's possession as an officer of the law. He did not claim it as an individual, and so pleaded.. When the possessory-warrant proceeding was dismissed without a trial upon the merits, it was the officer's duty to return the property to the person from whom it was taken under the warrant. He properly refused to deliver the piano to

Thompson, and was not guilty of a conversion in so doing. Until he returned it to Zorn the piano was in custodia legis, and trover would not lie for its recovery. *Geer* v. *Thompson, 4 Ga. App.* 756 (62 S. E. 500); *Haslett* v. *Rogers,* 107 *Ga.* 239, 245 (33 S. E. 14); *Chipstead* v. *Porter,* 63 *Ga.* 220. It was not the business of the officer to determine who had the title to the property; he had no judicial function; he was commanded by the warrant to seize the piano. When the proceeding was dismissed the warrant became functus officio, and it was the officer's duty to restore the status as it existed before the warrant was issued.

*Judgment reversed.*