## PEOPLES BANK OF SAVANNAH v. PIERCE.

1. Where a mortgagee foreclosed his security upon certain personal property and the mortgage fi. fa. was levied upon the property described in the mortgage, and where, subsequently to this levy and while the levy was still subsisting, the defendant executed a paper in terms conveying the property to the plaintiff and agreeing to deliver it to the plaintiff upon default in the payment of the debt to secure which this instrument was executed, and expressly stipulated that the levy which had been made should not be dismissed but should continue as a valid subsisting levy, the right to the custody and control of the property was in the officer who had levied the fi. fa., and the plaintiff in .fi. fa. could

not maintain trover against the defendant to recover possession of this property.

2. The court properly granted a nonsuit in this case.

JUNE 22, 1915.

Trover. Before Judge Conyers. Jeff Davis superior court. February 19, 1914.

*Bowden & Knox* and *W. M. Farr,* for plaintiff.

BECK, J. Peoples Bank of Savannah brought an action of trover against the defendant to recover possession of certain personal property, to wit, four automobiles specifically described in the petition. When the case came on for trial the plaintiff offered in evidence a certain written instrument, the same being offered as evidence of title and of the right of the plaintiff to recover in the action. The defendant objected, and it was thereupon excluded. The plaintiff then offered an amendment to his petition, which was objected to by the defendant, and this objection was sustained. To these rulings, and to the grant of a nonsuit, the plaintiff excepted.

We are of the opinion that each of the rulings of the court complained of was proper. From the amendment tendered and the instrument of writing which was offered in evidence it appears that the plaintiff had foreclosed a mortgage in its favor upon certain personal property. Subsequently to the foreclosure the plaintiff and the defendant entered into an agreement or contract which recited, among other things, that the defendant sold and conveyed certain automobiles to the plaintiff. Some of these automobiles were in Savannah, Ga.; others were at Hazlehurst, Jeff Davis county. There was an express power of sale given to the plaintiff in error as to the machines in Savannah; and it was also recited in the written instrument offered in evidence that the machines which constituted the personal property, the subject of litigation in this case, should be held subject to the order of the plaintiff, but it also distinctly appears from the record that these very machines had been levied upon by the sheriff of Jeff Davis county under a mortgage fi. fa. in favor of the plaintiff. It also appears that it was agreed that this levy was not dismissed but continued, and was to continue as a subsisting levy. That being true, the machines were in the custody of the levying officer; the plaintiff was estopped, under the recitals, from denying that the right to the custody of them was in the sheriff; and that custody and right of possession

was the result of the proceedings which the plaintiff had instituted. While it is recited in the written instrument which was excluded from evidence that the machines were to be held by the defendant subject to the order of the plaintiff, that recital must be considered in connection with the undisputed fact that there was a subsisting levy upon the property, and that it was in the lawful possession of the sheriff. If for any reason the possession of the sheriff was not actual at the time, or if the defendant was wrongfully holding the property, the sheriff was the party to bring trover. But so long as the present status of the property continues, that is, so long as the sheriff has, by virtue of the levy, the actual custody or right to the custody and control of the machines, the plaintiff is in no position to maintain this action. The court properly rejected the amendment and the evidence, and a nonsuit necessarily followed.

*Judgment affirmed. All the Justices concur.*