6420. ALLEN *v.* FADER.

A nonsuit may properly be awarded in an action in trover where there is no proof either of actual conversion or that the defendant was in possession of the property at the time the action was brought.

DECIDED OCTOBER 22, 1915.

Trover; from city court of St. Marys—Judge McElreath. February 11, 1915.

*S. C. Townsend,* for plaintiff.

*J. T. Colson,* for defendant.

RUSSELL, C. J. Allen brought suit in trover, with bail, to recover a certain gasoline-launch boat about 25 feet long, as well as certain other articles, apparently accessories to the use of the boat. At the conclusion of the testimony for the plaintiff the judge awarded a nonsuit, and exception is taken to this judgment.

According to the testimony of the plaintiff and his witnesses, the boat, which was unnamed, was left by Allen on February 21, 1914, securely fastened at the dock in Fernandina, Fla. The bow-line was tied securely to a cleat on the dock, and the stern line was fastened to the rigging of a fishing schooner. On the morning of February 22 the bow-line had been loosed from the dock, and the stern line had been cut near the deck of the launch, and the launch was gone. Allen heard nothing more of the boat until the 18th of August, 1914, when it was found on Cumberland Island, about a mile from the dock at High Point, at a place about 200 feet from high-water mark, under a tree in some palmettoes, near the house of Frank Fader. The deck had been changed and other alterations had been made. Fader was arrested at High Point after the boat

was found, and, upon being told that the boat had been found near his house, he stated that his brother put it there, and that some of the equipment of the boat was in his barn, but that he knew nothing about it. The next day, when the plaintiff sent to Cumberland Island for the boat, it was gone, and a short time afterwards it was seen by some of the plaintiff's witnesses in Brunswick, in the possession of a brother of the defendant, and later it was again seen in Brunswick in the possession of this brother. There was no evidence that the boat was ever in the possession of the defendant, and nothing to indicate that he had ever had it in his possession or converted it to his use. The nearest approach to such evidence is the fact that it was found near his house. But this is inconclusive, because there is no evidence to show that the point at which the boat was found and at which it was being repaired was upon the premises of the defendant or on premises of which he was in control. So far as appears from the evidence for the plaintiff, the defendant's knowledge of his brother's possession of the boat was consistent with absolute innocence upon the part of the defendant, since there is no evidence that he knew of the plaintiff's ownership of the boat. Of course, the defendant would not be liable for the conversion by his brother, but there is not any evidence to even indicate that he knew that his brother was wrong-. fully in possession of the boat. There is no testimony to bring the case within the rule that one is equally guilty of a conversion whether such conversion be for his own benefit or for that of another, nor is there evidence to authorize a recovery in trover upon the ground that the defendant was in possession of the property. After the arrest of the defendant on August 18, and after he was carried to Fernandina, Fla., the boat was removed by some one from Cumberland Island, and on the morning of August 19, when those who had found it returned to get it, it was gone. The action in trover was not instituted until September 28, 1914, and in the intervening time it was more than once seen in the possession of the defendant's brother. So that the plaintiff affirmatively proved that at the time of the institution of the suit the property was in the possession of a different person from the defendant. We are, of course, aware of the ruling that where possession is once shown in a particular person it may be presumed to continue. But that is not this case, because, as already stated, there is no proof

that this boat had ever been in the possession of the defendant. In trover the plaintiff must recover upon proof of either conversion or unauthorized possession on the part of the defendant. The plaintiff may recover either upon proof of possession indicating conversion or upon mere proof of possession; but there must be proof either of possession or of conversion. As argued by learned counsel for the plaintiff in error, it is of course well settled that trover is a proper remedy for the recovery of possession of property from one who has stolen it, and that even though the actual possessor of the property be only an abettor in the crime and not the real perpetrator of the theft, the action may be maintained. As stated in *Merchants & Miners Transportation Co.* v. *Moore,* 124 *Ga.* 482 (52 S. E. 802), it is unnecessary to show in an action of trover that the defendant applied the property to his own use, if he exercised dominion over it in defiance of the owner's right. It is in law a conversion whether it be for his own or for any other's use. But in the present case there is a lack of any evidence whatever to show that the defendant ever at any time exercised dominion over the boat in question. There is not a single circumstance outside of the relationship between E. L. Fader and Frank Fader, the defendant, to authorize the inference that there was a conspiracy between these two brothers to steal the boat in question, so as to bring it within the ruling stated in *Brothers* v. *Horne,* 140 *Ga.* 617 (79 S. E. 468). The case seems to us to fall squarely within the ruling in *Allen* v. *Brown,* 83 *Ga.* 161 (2), 165 (9 S. E. 674), and the trial judge was warranted in awarding a nonsuit, both because the plaintiff failed to show any conversion on the part of the defendant or with which the defendant was connected, and because it affirmatively appeared that E. L. Fader, and not the defendant, was in possession of the boat and its equipment at the time the suit was brought.    *Judgment affirmed.*