### 12148.   COLLINS v. HILTON.

JENKINS, P. J.   A cow, having received certain injuries, was delivered by the owner to another, who, withholding possession on demand from the original owner, was sued in trover.   On the trial the evidence of the plaintiff and the defendant was in conflict as to what constituted the agreement under which the cow was delivered and received.   The plaintiff's contention was that the defendant was to treat the wounds of the cow, and, if a recovery should be effected, was to receive proper compensation therefor.   The defendant's contention was to the effect that he bought the cow with the understanding that he was to pay $10 therefor, but only on condition that his treatment of the wounds was successful, and that if the cow died from the wounds, he was to bury her at his expense.   The evidence, when taken all together, shows that upon plaintiff's calling for the cow, the defendant refused to deliver her up, but that he offered to pay plaintiff the $10.   It failed to show that the plaintiff ever offered to pay the compensation for the treatment.   No motion for nonsuit was made, but at the conclusion of the defendant's evidence the trial judge directed a verdict in his favor.   *Held:*

1. While it would be a good defense to an action in trover that the defendant, holding the property as a bailee for hire, has not been paid or tendered the amount due him (*Jeems* v. *Lewis,* 13 *Ga. App.* 456, 79 S. E. 235), yet where such is not the defense, but where the defendant, as the ground of his refusal to deliver the property on demand and as the ground of his defense to the action, sets up and relies solely upon ownership under a contract of purchase alleged to have been made with the plaintiff, the necessity of such a previous tender is dispensed with; and in this case the disputed issue as to whether the property was delivered under a ·sale or under a bailment for hire should have been left to the determination of the jury.

2. Not only is there undisputed evidence of a demand and refusal, but the defendant, by setting up in his pleading title adverse to the plaintiff and admitting such refusal, dispensed with such evidence of a conversion.   *Moore* v. *Ramsey,* 144 *Ga.* 118 (1) (86 S. E. 219).

3. The evidence of the plaintiff's title, and right of possession and control, at the time of the delivery to the defendant, is likewise clear; and this the defendant cannot be heard to dispute, since the defense is based upon title in the defendant acquired from the plaintiff at that time.   *Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED OCTOBER 7, 1921.

Trover; from city court ·of LaGrange — Judge Duke Davis. December 8, 1920.

*Henry Reeves,* for plaintiff.   *L. B. Wyatt,* for defendant.