13732. BEASLEY *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

JENKINS, P. J. 1. "In an action for the recovery of damages on account of a conversion, proof of a demand and a refusal is only required as evidence of the conversion; and where the conversion is shown by other evidence, such proof is not essential." *Merchants & Miners Trans. Co.* v. *Moore,* 124 *Ga.* 482 (52 S. E. 802).

2. "Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion. It is unnecessary to show that the defendant applied it to his own use, if he exercised dominion over it in defiance of the owner's right, or in a manner inconsistent with it. It is in law a conversion whether it be for his own or any other's use." *Merchants & Minors Trans. Co.* v. *Moore,* supra. Thus, "where one member of a copartnership converts to its use personal property of a third person, the owner has a right of action, at his option, against the copartnership, or against the individual partner guilty of the act of conversion, to recover the property so converted, or its proved value." *Thompson* v. *Harris,* 7 *Ga. App.* 212 (66 S. E. 629); *Flannery* v. *Harley,* 117 *Ga.* 483, 485 (43 S. E. 765). Under these rules, proof of the alleged conversion by the defendant was fully shown by uncontroverted evidence as to his admissions and conduct with regard to the flour in question; nor are the facts set up by the amendment to the amended motion for new trial, even if such amendment were technically sufficient for consideration, sufficient to have raised an issue for the jury as to such conversion, since they tend merely to show that the defendant's firm and persons other than the defendant individually actually received the benefit of the property thus converted by the defendant.

3. "A chose in action arising from a tort is assignable where it involves, directly or indirectly, a right of property." *Sullivan* v. *Curling,* 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124). Suit was therefore properly brought in the name of the plaintiff carrier, which had settled with the shipper for the property sued for and had obtained a written assignment of its title to the "order-notify" bill of lading.

4. Save as to the amendment to the amended motion for new trial above considered, each of the special grounds complains of the admission of oral and documentary evidence for the plaintiff. In so far as such grounds may be considered, since only those numbered 4 and 7 sufficiently incorporate or refer to the testimony attacked for the court to pass upon the same except after a general search of the brief of evidence, and even upon a consideration of all of the grounds so as to exclude all of the evidence complained of, the plaintiff made out a prima facie case showing a conversion of the flour sued for by the defendant for the use of himself or of others, and the defendant having failed to deny his acts and admissions shown with reference to the property, or to produce any testimony whatever to meet the plaintiff's case, a verdict for the plaintiff was demanded. The court properly refused the motion for new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 14, 1923.

Trover; from city court of Reidsville — A. S. Way, judge pro hac vice. May 5, 1922.

*J. T. Grice, Elders & Eason,* for plaintiff in error.

*E. C. Collins,* contra.