*Jones, Park & Johnston, Dobbs & Barrett,* contra.

---

## 14386. WHELCHEL v. ROARK.

1. Where an action of trover is based upon a claim of absolute title by the plaintiff and is supported by evidence, and where the answer admits the defendant's refusal to deliver to the plaintiff the property sued for, disputes the plaintiff's title, and asserts absolute title in the defendant, it is not necessary that the plaintiff shall show a demand and refusal to deliver, or possession of the property in the defendant at the time the suit was filed, or otherwise establish a conversion by evidence. In such case the answer concedes a conversion if the defendant shall not sustain his title. The sole issue is one of title, excepting the question of value where a money verdict is elected.

2. The court did not err in refusing the written request to charge, nor in giving in charge the excerpt complained of.

3. The verdict for the plaintiff was authorized by the evidence. The court did not err in overruling the defendant's motion for a new trial.

DECIDED OCTOBER 11, 1923.

Trover; from Hall superior court—Judge J. B. Jones. January 27, 1923.

*W. V. Lance, P. R. Mathews, Johnson & Adderholdt,* for plaintiff in error. *Charters, Wheeler & Lilly,* contra.

BELL, J.   C. R. Roark brought an action in trover against Hugh Whelchel, and recovered, electing a money verdict. The defendant excepted to the overruling of his motion for a new trial.

The evidence of the plaintiff tended to show that after some association between the parties in Atlanta he loaned to the defendant his automobile,—the property in dispute,—and that on failure of the defendant to return it within the terms of the bailment he instituted possessory-warrant proceedings in Hall county for its recovery, where the defendant had gone and was still in the possession of the property. It appears that on the trial of the possessory-warrant case a judgment was awarded in favor of the defendant. The plaintiff gave notice of certiorari, and the property was held by the officer. Certiorari, however, was not pursued, but the plaintiff instead brought his action in trover before the property had been restored to the defendant. It appears that the defendant asserted in that proceeding, and even before then, that he had procured the possession of the property from the plaintiff by purchase, thus claiming it as his own. He so testified on the trial of the present action. His answer to the present suit admitted the plaintiff's averment of his refusal to deliver, denied the plaintiff's title, and asserted ownership in himself by virtue of the alleged purchase. There was a pointed conflict in the evidence of the parties as to whether the transaction between them was a loan or a sale, and on this issue a finding would have been warranted for either party. The further material facts will be stated in the opinion.

1.   In the amended motion for a new trial the defendant assigns error upon the action of the court in excluding from evidence the possessory-warrant proceedings, with the judgment of the magistrate thereon, the same having been offered, as alleged in the motion, "for the purpose of explaining possession of the automobile sued for, and in support of the allegations of defendant's answer as to said possession, counsel for defendant stating: 'It shows the fact that we held possession of the car, and the possessory-warrant

proceeding is set up in the answer and explains our position at the time of the bail-trover proceedings and at the time it was filed.'"· Error is assigned also, in separate grounds of the motion, upon the failure of the court, without request, to instruct the jury (*a*) that if at the time of the institution of the trover action the automobile in question was still in the custody of the sheriff of Hall county by virtue of the judgment in the possessory-warrant proceedings, and if no demand to deliver had been made by the plaintiff and no refusal to deliver after that date and before the institution of the trover .case, the plaintiff could not recover, it being contended by the plaintiff in error that the judgment in the possessory-warrant proceedings "adjudicated the fact that the possession of the automobile up to that date was legal and not wrongfully withheld from the plaintiff"; (*b*) that even should the plaintiff prove a legal title to the property to be in himself, he yet could not recover if it should appear from the evidence either that at the time the trover action was instituted the defendant was rightfully entitled to the possession of the property sued for, or that at the time the action was brought the plaintiff was not entitled to the possession of the property; (*c*) that if at the time the trover action was instituted the defendant's possession of the automobile was had under a judgment awarding it to him, based on possessory-warrant proceedings sworn out by the plaintiff, such possession would be a legal possession, and would not alone constitute a conversion of the property sued for, without a subsequent demand and refusal or other act inconsistent with the plaintiff's title, and that before the plaintiff would be entitled to recover it would be necessary, under such circumstances, to establish a conversion in some other way than by such possession.

The assignments of error referred to above, embracing grounds 4, 5, 6, and 7 of the motion for a new trial, will be treated together. At the outset it must be borne in mind that the defendant by his answer solemnly admits in judicio that he refuses to deliver the property, as the plaintiff had alleged, and that he denies the plaintiff's title, asserting complete and absolute ownership in himself. The gist of an action of trover is the conversion of the plaintiff's property by the defendant. It is not always necessary to prove possession in the defendant at the time of the bringing of the action, in order to establish a conversion. *Miller* v. *Wilson,*

98 *Ga.* 567 (1) (25 S. E. 578, 58 Am. St. R. 319); *Wallace* v. *Mallary,* 117 *Ga.* 161 (43 S. E. 424); *Chambless* v. *Livingston,* 123 *Ga.* 257 (2) (51 S. E. 314); *Thompson* v. *Carter,* 6 *Ga. App.* 604 (3), 606 (65 S. E. 599). Section 4483 of the Civil Code merely provides "that it shall not be necessary to prove any conversion of the property where the defendant is in possession when the action is brought." It might be stated conversely that it is not necessary to prove possession in the defendant at the filing of the suit, if that fact is not needed as a circumstance in establishing the conversion. "A conversion may consist in a tortious taking of a chattel, *or in a wrongful assumption of property in it* [italics ours], or in making an illegal use of it; if there be a deprivation of property to the plaintiff, it will constitute a conversion, though there be no acquisition of property by the defendant. 2 Leigh's Nisi Prius, 1477. . . The action of trover being founded on a conjunct right of property and possession, any act of the defendant which negatives or is inconsistent with such right amounts in law to a conversion. It is not necessary to a conversion that there should be a manual taking of the thing in question by the defendant; it is not necessary that it should be shown that he has applied it to his own use. Does he exercise a dominion over it in exclusion or in defiance of the plaintiff's right? If he does, that is in law a conversion, be it for his own or another person's use." *Liptrot* v. *Holmes,* 1 *Ga.* 381 (3), 391. "It is but a reiteration to say that in order to constitute a conversion it is not necessary that one charged with the tort should have had the actual manual possession of the property, either at the time of the conversion or at the time the action is brought, it being sufficient if he has assumed such control over the property by a possession, either actual or constructive, as deprives the owner of his dominion over or enjoyment of the property." Bowers on the Law of Conversion, § 298.

Where in the answer to a trover action the defendant sets up title adverse to the plaintiff and admits a refusal to deliver, it is not necessary that the plaintiff shall show by evidence a demand for the property prior to the suit. *Collins* v. *Hilton,* 27 *Ga. App.* 439 (2) (108 S. E. 824). A refusal presupposes a demand. It does not constitute the conversion, but is evidence thereof. *Sappington* v. *Rimes,* 21 *Ga. App.* 810 (1) (95 S. E. 316). Where a

defendant in a trover action "alleged in her answer that she was the owner and admitted that she refused to deliver the property to the plaintiff, it was not incumbent upon them [the plaintiffs] to prove a demand and a refusal of the defendant to deliver." *Moore* v. *Ramsey*, 144 *Ga.* 118 (1) (86 S. E. 219). The effect of this decision is to hold that in such a case it is not necessary that the plaintiff should make proof of the conversion. While an examination of the original record discloses that in this case the defendant was in possession of the property at the time the suit was filed, this fact does not seem to have been taken into consideration in the Supreme Court's decision. The defendant's admission of his refusal to deliver, and the assertion of title in himself, concedes a conversion, if the plaintiff shall sustain his title. The conversion is established by the pleadings, and proof of it is not necessary. The sole question is one of title, excepting the question of the value where the plaintiff elects a money verdict.

Facts positively alleged in a pleading are constructive admissions in favor of the opposite party of the facts so alleged, and therefore need not be proved by other evidence. Their author, by introducing them and making them a part of the record, precludes himself from disputing their truth. They estop him so long as they stand. Civil Code (1910), § 5775; *Lydia Pinkham Medicine Co.* v. *Gibbs*, 108 *Ga.* 138 (1) (33 S. E. 945) ; *New Zealand Insurance Co.* v. *Brewer*, 29 *Ga. App.* 773 (6) (116 S. E. 922).

The defendant contends that he came lawfully into possession of the property or at least that this was adjudicated by the magistrate in the possessory-warrant proceedings. A demand and refusal would ordinarily be necessary under such circumstances. It probably would have been necessary in the instant case, in view of the judgment of the magistrate, but for the nature of the contentions which are made by the defendant in his answer. In *Wallis* v. *Osteen*, 38 *Ga.* 250, 251, the Supreme Court, in referring to the effect upon a trover action of a judgment in favor of the defendant in a prior possessory-warrant proceeding, said: "The question made by the record in this case is whether the plaintiff in the court below could maintain his action of trover for the watch, against the defendants, without shewing title in himself thereto? The defendants had the possession of the watch, under the judgment of a judge or justice, as provided by the 3959th sec-

tion of the Code; that possession was, prima facie, lawful, as against the plaintiff, and to allow him to recover the watch from the defendants, on proof of his former possession alone, was but reopening the question of possession of the watch, which had been adjudicated under the possessory-warrant proceeding. The judgment in that proceeding determined the right of possession to the watch, as between the parties, to belong to the defendants. In order to deprive them of that lawful possession, thus acquired, the plaintiff was bound to show something more than his former possession of the watch; he was bound to show a right to the present possession of the watch as against the defendants. If he had shewn, by the evidence, a general property in the watch, or title thereto in himself, then he would have shewn his right to the possession of it by construction of law, as against the defendants, who relied on their possession alone. See 2 Greenleaf's Evidence, 528, § 640. We think the court below erred in holding that the plaintiff was entitled to recover the watch from the defendant, under the evidence of this case."

If the plaintiff in the case at bar had relied, not upon the general title to the automobile, but merely upon a right of possession, he would probably have been precluded by the adjudication in the possessory-warrant proceedings, but having shown a general property in the automobile or title thereto in himself, he has established his right to the possession of it by "construction of law."

On the question of possession: the sheriff, after the judgment in the possessory-warrant case, held the property for the defendant, the plaintiff having abandoned his intention to certiorari (*Sumner* v. *Bell,* 118 *Ga.* 240, 44 S. E. 973; *Barton* v. *Thompson,* 13 *Ga. App.* 786, 787, 80 S. E. 30), and it is shown in the answer, as well as in the evidence, that the defendant obtained the possession from the officer after the beginning of the present suit, by executing the usual replevy bond. The case does not call for an application of the principle that trover will not lie for the recovery of property in the custody of the law (*Chipstead* v. *Porter,* 63 *Ga.* 220; *Geer* v. *Thompson,* 4 *Ga. App.* 756 (2), 62 S. E. 500; *Barton* v. *Thompson,* supra), the action not being against the sheriff, and that custody having been ordered released. In *Peoples Bank* v. *Pierce,* 143 *Ga.* 563 (1) (85 S. E. 860), the custody of the law had continued,

and it did not appear, as here, that the defendant was disputing the plaintiff's title.

In view of the defendant's answer, which in effect conceded a conversion, unless he sustained his own claim of title, there was nothing in the judgment of the magistrate in the possessory-warrant proceedings, or in the fact that the property seized thereunder had not been restored to him, which had any bearing on the case.

It follows from what is said above that there was no merit in any of the grounds of the motion for a new trial thus far referred to.

2. Exception is taken to the refusal of the court to charge as follows: "Without any intimation as to the facts in this case, but simply as a rule of law, I charge you, that if the plaintiff C. R. Roark and the defendant Hugh Whelchel entered into a consent or agreement whereby one of them was to use the automobile in question for the purpose of violating the prohibition law, and the defendant Hugh Whelchel obtained the automobile for this purpose, and in pursuance of such an agreement between him and Roark, then the law would not aid either of them, and would leave both parties where it found them; and if this was the case, and the plaintiff C. R. Roark parted with possession of the car for such an illegal purpose, he could not recover it in this case, and your verdict would be for the defendant." We do not find it necessary to determine whether such a charge would have been authorized by the pleadings, for clearly no issue such as the charge would have submitted was involved under the evidence. J. G. Tatum a witness for the plaintiff testified on cross-examination: "I heard something down there *about a contract* between Mr. Whelchel and Mr. Roark, where Roark was to furnish the car and Mr. Whelchel was to take the car, go after the liquor, and they were to split the profits, but wouldn't swear just what it was. No, I didn't tell Mr. Mathews that this conversation occurred; we talked about it, but I can't recall all that was said. Best I remember about it, Clarence [the plaintiff] didn't want no liquor hauled with his car. I wouldn't swear that it was finally agreed for Roark to furnish the car and for Whelchel to go after the liquor, or wasn't. I didn't tell Mr. Mathews that in a conversation some time ago. No, I cannot remember now whether or not a conversation of that kind did occur; I was not there all the time. If it occurred in my

presence I don't remember. They did talk something about it in my presence, but I don't remember no agreement they made. I heard them discussing the proposition a number of times. From the conversation I heard in Atlanta, when I saw Mr. Whelchel in Dawson county, I didn't know but what they made a trade of that kind." This evidence does not do more than show that the plaintiff and the defendant probably discussed the question of entering the illegal enterprise. The only other evidence upon the subject was that of Mr. Wheeler: ".I think Mr. Roark requested Mr. Lance and Mr. Johnson not to interrogate Mr. Tatum in regard to any liquor transaction,—that Tatum nor Roark neither one wanted it brought into it." This evidence was wholly insufficient to establish that the defendant had procured the car through an illegal and immoral contract, and the request to charge was properly refused. In this view it is also unnecessary to determine whether the charge would have been appropriate if supported by evidence. On this question see *Harris* v. *Barfield Music House,* 18 *Ga. App.* 444 (1) (89 S. E. 592) ; *Garland* v. *Isbell,* 139 *Ga.* 34 (1) (76 S. E. 591) ; *Abbott Furniture Co.* v. *Mobley,* 141 *Ga.* 456 (81 S. E. 196) ; *Jones* v. *Owens,* 149 *Ga.* 72 (2) (99 S. E. 121).

The only other special assignment in the motion for a new trial complains that an excerpt from the charge was argumentative and contained an expression of opinion; but the exception is clearly without merit.

3. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*