### 14528.  WILCOX *v.* CITIZENS BANKING COMPANY.

JENKINS, P. J.  The bank by action of trover sought the recovery of two promissory notes.  The defendant in his answer claimed title to the papers, and alleged "that the plaintiff has no interest or claim to the same."  From the uncontroverted evidence, it appears that the defendant, in making a $600 payment on the notes, drew a draft for that amount on another bank, that the notes pinned to the draft went to the drawee bank, and on payment of the draft the notes were delivered by it, with his monthly statement, to the defendant, who retained them in possession under a claim of title thereto.  The issue was whether the defendant, as he testified, had actually made to the plaintiff bank a cash payment, additional to the amount of the draft, sufficient to pay the notes and entitle him to their possession or cancellation, or whether, as the bank's witness testified, such cash payment had not been made, and the notes had been sent, pinned to the draft, to the drawee bank by the mistake of an agent of the plaintiff bank.  The jury found for the plaintiff.  In instructing the jury the court failed to charge the law of conversion, but in effect charged that the sole issue was whether or not the defendant had made the disputed additional cash payment to the plaintiff bank, so as to entitle defendant to the possession and ownership of the notes.  The defendant, in his motion for new trial, complains of this alleged error.  *Held:*

1. "Where a defendant in an action of trover admits in his plea or answer his possession of the property at the time of the action, under an adverse claim of title or right of possession, it is not necessary for the plaintiff to prove a demand and refusal or any other conversion of the property."  *Smith* v. *Commercial Credit Co.*, 28 *Ga. App.* 403 (1) (111 S. E. 821), and cases cited.

2. In an action of trover, "proof of a demand and a refusal is only required as evidence of the conversion; and where the conversion is shown by other evidence, such proof is not essential. . . Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion."  *Beasley* v. *Central of Ga. Ry. Co.*, 29 *Ga. App.* 584 (1, 2) (116 S. E. 227); *Evans* v. *Grier*, 29 *Ga. App.* 426 (115 S. E. 596).  "As to what constitutes a conversion, this court has repeatedly held that possession, with a claim of title adverse to that of the true owner, is sufficient."  *Maxwell* v. *Harrison*, 8 *Ga.* 61 (6) (52 Am. Dec. 385); Civil Code (1910), § 4483; *Young* v. *Durham*, 15 *Ga. App.* 678 (5) (84 S. E. 165).

3. It is undisputed that the defendant, upon receipt of the notes from the drawee bank, held and retained them in his possession under a claim of ownership which is set up by his plea and supported by his evidence.  While he denied in his testimony that the plaintiff bank had ever made a demand upon him, he admitted that its cashier had requested him to bring the notes to the bank and let the cashier see them, and that he refused to do so or to show the notes to such officer except at the defendant's residence.  The pleadings and the evidence thus establishing without dispute a conversion, except under the defendant's theory of ownership acquired by virtue of the additional cash payment contended

for, there was no error prejudicial to the defendant in failing to charge the law of conversion, or in limiting the jury to the one essential issue in dispute.

Judgment affirmed. Stephens and Bell, JJ., concur.

DECIDED NOVEMBER 23, 1923.

Trover; from Pulaski superior court—Judge Graham.   March 3, 1923.

H. F. Lawson, for plaintiff in error.

J. H. Roberts, H. E. Coates, contra.