## 15248. HANNA v. JAMISON.

BELL, J. 1. Where, in a petition for certiorari by the defendant, to review a judgment in favor of the plaintiff, in a trover action in the municipal court of Macon, it appeared that the plaintiff had delivered the property for a specific purpose to the defendant, as her agent, and that he had converted the same, unless, as he contended and offered evidence tending to show, the owner, subsequently to the original delivery, executed a valid bill of sale, conveying the property to him absolutely, and where the answer to the writ, as made by the judge of the municipal court, denied that certain testimony tending to establish the validity of the bill of sale (which in this case was the sole material issue upon the trial,—see *Roark* v. *Whelchel*, 31 *Ga. App.* 75 (1), 119 S. E. 451) had been given as alleged in the petition for certiorari, and set forth the evidence more favorably to the contentions of the plaintiff that the instrument was invalid because of fraud and want of consideration (see *Grimsley* v. *Singletary*, 133 *Ga.* 56 (1), 65 S. E. 92, 134 Am. St. Rep. 196; *Davis* v. *Morgan*, 117 *Ga.* 504 (1), 43 S. E. 732, 61 L. R. A. 148, 97 Am. St. Rep. 171; *Bailey* v. *Devine*, 123 *Ga.* 653 (5), 51 S. E. 603, 107 Am. St. Rep. 153), it was error for the judge of the superior court, on general demurrer, to strike so much of a timely and proper traverse by the petitioner in certiorari to the answer of the trial judge as averred that the evidence bearing upon the validity of the bill of sale was as set forth in the petition for certiorari, and not as related in the answer. It was consequently error to overrule the certiorari. Civil Code (1910), § 5200; *Watson* v. *Lithonia Banking Co.*, 23 *Ga. App.* 808 (99 S. E. 544).

2. A judge of the superior court, in passing upon a certiorari where questions of fact are involved and the evidence is conflicting, has a discretion to sustain or overrule the certiorari similar to that which he may exercise under like circumstances in granting or refusing a first application for a new trial (*Weathersby* v. *Jordan*, 124 *Ga.* 68 (1), 52 S. E. 83; *Shirley* v. *Swafford*, 119 *Ga.* 43 (2), 45 S. E. 722; *Daniel* v. *McRee*, 31 *Ga. App.* 210 (2), 120 S. E. 448); but where there is a traverse to the answer to the writ as made by the trial judge, raising an issue as to what was the material evidence upon the trial, that issue should first be determined, in order that the certiorari may be passed upon in the light of all the material evidence found to have been adduced upon the trial. It is not an exercise of discretion upon evidence, alleged in a traverse to an answer to the writ to have been given upon the trial, for the judge of the superior court to eliminate it by striking the traverse.

3. Applying the rulings of the preceding paragraphs, the judge of the superior court erred in this case in striking paragraphs 1, 2, 3, 4, and 5 of the traverse. There was no error in striking the exceptions to the answer, nor otherwise than as stated above.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 17, 1924. REHEARING DENIED JULY 14, 1924.

Certiorari; from Bibb superior court—Judge Malcolm D. Jones. October 29, 1923.

*D. L. Churchwell,* for plaintiff in error.

*Walter DeFore, James C. Estes,* contra.