### 15534.　HERNDON v. CHAMBERLIN.

JENKINS, P. J. "In an action for the recovery of damages on account of a conversion, proof of a demand and a refusal is only required as evidence of the conversion; and where the conversion is shown by other evidence, such proof is not essential." *Merchants & Miners Trans. Co.* v. *Moore,* 124 *Ga.* 482 (52 S. E. 802); *Beasley* v. *Cen. of Ga. Ry. Co.,* 29 *Ga. App.* 584 (1) (116 S. E. 227). Likewise, it is unnecessary to prove a demand and refusal, or any other conversion of the property, where the defendant in his answer admits possession in himself and denies the plaintiff's averments of title. *Securities Trust Co.* v. *Marshall,* 30 *Ga. App.* 379 (3) (118 S. E. 478); *Smith* v. *Commercial Credit Co.,* 28 *Ga. App.* 403 (1) (111 S. E. 821). The fact that the plaintiff's petition, in the usual trover form, alleged demand and refusal did not render proof thereof necessary for a recovery, where the defendant's answer claimed lawful possession in himself through title in another, and wholly denied the plaintiff's title and right. The instructions with reference to demand and refusal being erroneous, a new trial should have been granted.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 15, 1924.

Trover; from Taliaferro superior court—Judge Shurley. March 8, 1924.

Herndon brought bail-trover against Chamberlin for a saw-mill saw, alleging that "demand has been made for said saw and possession refused." The defendant answered that he was "in possession of said saw as an employee and agent of the White & Hamilton Lumber Co., to whom said saw belonged," denied "any demand for same by plaintiff," and alleged that the plaintiff had "no title to said saw, nor any right to the possession, custody, or control of same." There was no proof of demand. The evidence was in conflict as to whether the plaintiff or the third person held the title and right of control. The jury found for the defendant; and the plaintiff's motion for new trial was overruled. Exception was taken to the following excerpts from the charge of the court: that the plaintiff "must show you, first, that the title to the saw is in him, and that demand has been made upon Mr. Chamberlin (the defendant), and that Mr. Chamberlin has refused to deliver it;" and "if you should not believe that the title to the saw was in Mr. Herndon (the plaintiff), although you should further believe that the title to the saw was not in Mr. Chamberlin, or if you should believe that no demand has been made for the saw on Mr. Chamberlin and refusal on his part, then I charge you you would not be authorized to find for the plaintiff at all." It was contended that these instructions

were error for the reason that it was unnecessary for the plaintiff to prove a demand and refusal, since the defendant in his answer admitted possession and set up a claim of title in a third person as his bailor, adverse to the claim of title of the plaintiff.

*J. A. Mitchell,* for plaintiff.

*Hawes Cloud,* for defendant.