37349.    ASSOCIATES DISCOUNT
CORPORATION *v.* PARLIER.

Decided October 16, 1958—Rehearing denied
December 3, 1958.

*Levy, Buffington & Levy, M. Alvin Levy,* for plaintiff in error.

GARDNER, Presiding Judge. The record in this case is somewhat lengthy. We see no necessity in reciting the evidence here. As we see the case we see but one question and that is

whether or not the evidence shows the value of the diamond ring to be at least as much as $300, which the judge, upon hearing, found to be the value of the ring under the evidence before him. In regard to the evidence as to the value of the ring, it was undisputed that the ring was purchased in 1950 for $300 and that it was worth more than that amount at the time of the trial. The motion n.o.v. is without merit. A motion for judgment notwithstanding the verdict will not lie to a judgment of the trial court in a case where jury trial has been waived.

The judgment of the court for the sum of $448.95 plus costs, is substantiated by the evidence and there is no other issue between the parties except as to the value of the ring which we have discussed hereinabove. The general grounds are without merit.

The court did not err in denying the motion for a judgment notwithstanding the verdict or in denying the motion for new trial.

*Judgment affirmed. Carlisle, Quillian and Nichols, JJ., concur. Felton, C. J., and Townsend, J., dissent.*

### ON MOTION FOR REHEARING.

GARDNER, Presiding Judge. The car in question was bought from Downtown Chevrolet Company, Atlanta, Georgia, under a title-retention clause contract to take care of the unpaid balance. The contract was bought by the Associates Discount Corporation. The plaintiff was slightly behind on the payments at the time the car was seized. The plaintiff testified that one of the payments was due "about that time" (meaning about the time the car was seized). He immediately offered to pay that note, but payment was refused. When the defendant saw the car parked where the plaintiff stayed in a town in Texas, without any notice whatsoever to the plaintiff, the defendant removed the car and put it in storage in the town in Texas. When this was discovered by the plaintiff about two hours after he had parked the car, the plaintiff immediately went to the Texas office of the defendant company and made demand for his personal belongings which he referred to as "stuff." He was told by a representative of the defendant that the car was in storage and that it was impossible for the plaintiff to get possession of his personal belongings. He was informed that he would have

to take it up with the defendant's office in Atlanta. In Atlanta he was told he would have to get the matter straightened out in Texas.

We certainly cannot interpret any phraseology of this contract to mean that any personal belongings found in the car went into the lawful possession of the defendant when the car was seized in the manner depicted here, or for that matter, under any circumstances. Even under the provision that " . . . in repossessing said motor vehicle the said owner may take possession of any property therein at the time of repossession and hold such property *temporarily* for me without any responsibility or liability on his part" and under lawful repossession of the car, the personal belongings should have been turned over to the plaintiff *immediately* upon demand being made therefor, which was not done. Only the car and the car equipment or attachments could have been seized and retained under either a trover action or under a title-retention clause of a contract of sale of a car. Had the car been seized lawfully (which we certainly do not concede), the taking of the personal belongings was entirely without the scope of any law concerning the taking of a car because of any unpaid balance due on such car. It follows that none of the personal belongings under consideration here were lawfully in the possession of the defendant and the fact finding authority so found.

It is true that when the plaintiff mentioned his personal belongings he did not itemize the "stuff," but when his property had been illegally taken he had no way of getting to his car and it is no wonder that he did not wish to mention the presence of the diamond ring in the car. At that time he did not itemize any of the personal belongings. His demand for his personal belongings under the terminology of "stuff" was sufficient demand for all items, including the diamond ring.

The plaintiff was required to prove the value of every item of his personal belongings, including the value of the diamond ring. The value of the personal belongings was proved to the satisfaction of the judge trying the case without the intervention of a jury, which was done by consent of counsel for all parties concerned. As to the value of the diamond ring, the evidence

shows conclusively that the ring was bought ten years previous to the illegal seizure for $300 and that it was worth more at the time it was seized and at the time of the trial. This evidence was believed and approved by the trial judge, as is reflected by his judgment.

It is strikingly strange that the defendant did not contest the value of the other items of personal belongings of the plaintiff which were seized with the car but so far as the record shows it was conceded that the plaintiff had proven the value of the other numerous items in the car, the value of the ring only being questioned. As we have stated hereinabove the value of the ring was proved also.

The record shows that the motion for a new trial was based on the statutory general grounds only and was based on the contention regarding the diamond ring, as to whether demand had been made for it and further the motion prayed that $300 covering the value of the diamond ring be written off the judgment, leaving a judgment against the defendant and for the plaintiff in the sum of $148.95.

*Judgment adhered to on motion for rehearing. Carlisle, Quillian and Nichols, JJ., concur. Felton, C. J., and Townsend, J., dissent.*

TOWNSEND, Judge, dissenting. I do not consider that a demand by the plaintiff for the "stuff" and the "clothes and things" in his automobile constituted a demand for a diamond ring left in the glove compartment of the car, since a diamond ring is not ordinarily referred to as "stuff" or "things," is not an article one would expect to find in such a location, and the demand as made would not put the defendant on notice that it had possession of the article or was charged with such possession. The issue is therefore whether under these circumstances the plaintiff needed to make a demand as a condition precedent to bringing the trover action. The automobile as well as all the contents therein came lawfully into the defendant's possession by reason of a clause in the conditional-sale contract to the effect that the defendant might under the circumstances repossess the vehicle and "take possession of any property therein at the time." The reason for the necessity of a demand in this case is that, in the

absence of a demand, there is no evidence of conversion. Conversion is the gist of trover. *Southern Express Co.* v. *Sinclair,* 130 *Ga.* 372 (60 S. E. 849). Conversion must be shown to support a recovery. *Raines* v. *Graham,* 85 *Ga. App.* 815 (70 S. E. 2d 125). A demand and refusal to deliver constitutes evidence of conversion. *Sizemore* v. *Beeler,* 94 *Ga. App.* 414, 419 (94 S. E. 2d 773). And while conversion need not otherwise be shown where the defendant is in possession when the action is brought (Code § 107-101) and, admitting possession, sets up a title adverse to the plaintiff (*Collins* v. *Hilton,* 27 *Ga. App.* 439 (1), 108 S. E. 824; *Wilcox* v. *Citizens Banking Co.,* 31 *Ga. App.* 202, 120 S. E. 433), yet "there must be proof either of possession or of conversion." *Allen* v. *Fader,* 17 *Ga. App.* 290, 292 (86 S. E. 643). As stated in *Sappington* v. *Rimes,* 21 *Ga. App.* 810 (1) (95 S. E. 316) demand and refusal are necessary to the maintenance of an action in trover where the property came into the defendant's hands lawfully, unless it otherwise affirmatively appears that there was an actual conversion prior to the bringing of a suit. To the same effect see *Whelchel* v. *Roark,* 31 *Ga. App.* 75, 79 (119 S. E. 451); *Colonial Credit Co.* v. *Williams,* 95 *Ga. App.* 76 (1) (97 S. E. 2d 197); *Wood* v. *Sanders,* 87 *Ga. App.* 84, 86 (73 S. E. 2d 55); *Loveless* v. *Fowler,* 79 *Ga.* 134 (3) (4 S. E. 103, 11 Am. St. R. 407); *Baston* v. *Rabun,* 115 *Ga.* 378 (1) (41 S. E. 568). Under the defendant's testimony in this case, the property involved has never come into its possession at all. Under the plaintiff's testimony it came into the defendant's hands in a lawful manner. The defendant has never claimed the property nor any interest therein adverse to the plaintiff. It was never put on notice that it was even charged with possession of this ring until long after the suit was filed; there was no demand and refusal to deliver, and no other evidence of conversion. Accordingly, it is my opinion that the judgment in this case, in so far as it includes the monetary value of the ring allegedly left in the automobile, is unsupported by evidence.

I am authorized to say that Felton, C.J., joins in this dissent.