## 44612. POSS v. HUGHES.

DEEN, Judge. 1. Poss brought a trover action against Hughes for 3,300 pallets used in making bricks and 12 brick racks used for holding the pallets, valued by him at $5,000. Defendant denied that he was in possession of the property, but admitted on the trial of the case that he had sold the pallets, estimated by him at around 2,000, along with whatever brick racks there were, to a third person; that shortly before suit was brought he had brought them back, and so informed Poss, and that he did not dispute Poss' title to the property. The evidence was disputed as to the amount of equipment, Poss contending that there were not over 300 pallets left out of approximately 3,200. There was no proper tender of the property under *Code* § 107-104. Whether the property was on land belonging to the defendant, as contended by him, or on the adjoining property of a third person who had given the plaintiff permission to store it there, as contended by the plaintiff, the exercise of dominion over the property by the defendant in selling it to a third person was a conversion (*Whelchel v. Roark,* 31 Ga. App. 75, 78 (119 SE 451)) in view of the defendant's admission that it was the property of the plaintiff. "Possession of a chattel for more than four years without a claim of title thereto adverse to that of the owner will not ripen into a prescriptive title." *Culbreath v. Patton,* 73 Ga. App. 667 (1) (37 SE2d 719). From the testimony of the defendant it appears that he did not claim the property adversely to the plaintiff, that the sale by him to a third person occurred within the four-year period of limitation of actions for conversion, including trover, under *Code* § 3-1003 (see *Blocker v. Boswell,* 109 Ga. 230, 237 (34 SE 289)) and that at least some part of the pallets and racks was in the defendant's possession at the time of trial. Accordingly, a general verdict in favor of the defendant is without supporting evidence. He is not entitled to a finding in his favor if that version of his own testimony most unfavorable to him shows that the verdict should be against him. *Southern Bank v. Goette,* 108 Ga. 796 (33 SE 974).

2. Since the case is to be tried again, we should also point out that the following charge to the jury was error: "If the defendant is a bona fide claimant and the injury arises from an act of God and is in no wise a result of defendant's con-

duct, the jury may take the same into consideration, but in no case shall such an event cast the cost upon the plaintiff." The defendant at no time made a bona fide claim of title to the property.

*Judgment reversed. Bell, C. J., and Eberhardt, J., concur.*

ARGUED JULY 8, 1969—DECIDED SEPTEMBER 9, 1969.

*Randall Evans, Jr.,* for appellant.
*Robert E. Knox,* for appellee.