No. 45.—JEREMIAH MOORE & Co. plaintiffs in error, *vs.* BEN-
    JAMIN H. CAMERON, defendant in error.

[1.] When a case, at the first term of the appeal, is dismissed upon the de-
    fendant's motion, upon a ground apparent on the pleadings, and taken to
    the Supreme Court, and the decision dismissing the suit is reversed, the
    defendant at the first term after the remittiter is received, may amend his
    pleas.

Complaint, in Troup Superior Court.   Tried before Judge
HILL.   May Term, 1852.

This was an action of complaint; the declaration being in the
form prescribed for action on account, by the Act of 1847, com-
menced in the Inferior Court of Troup County, for rent.   An
appeal was taken to the Superior Court, and by that Court, a
non-suit was awarded; which judgment was reversed by the
Supreme Court, at Decatur, August Term, 1851, and the cause
reinstated.

Before the cause was submitted to the Jury, defendant mov-
ed to amend his plea, (the general issue being considered by the
Court as filed,) by pleading that there was a special contract by
Jeremiah Moore with Cameron for the rent of the house, before
the formation of the co-partnership of Jeremiah Moore & Co.
and that the house was rented by Jeremiah Moore, individually,"
and not for the benefit of Jeremiah Moore & Co.

The Court overruled the motion and defendant excepted.

In the progress of the case, "the Court remarked to counsel
for plaintiff, that to enable him to recover, he must prove the
premises were rented from the plaintiff; which said attorney did
by his own oath."

To which suggestion of the Court, defendant excepted, and
on these exceptions has assigned error.

PRYOR, for plaintiff in error.

MORGAN, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] By referring to the record and the report of this case, (10 *Geo.* 368,) when before brought up, I find that upon the calling of the case on the first term of the appeal, the defendants moved to dismiss, on the ground that the action could not be sustained, (it being complaint for rent) under the Act of 1847. This motion was granted, and the plaintiff excepted. We reversed that decision. When the case was called, it being the first term after the judgment of the Supreme Court was rendered, the defendants moved the Court to make a substantial amendment to their plea. The Court refused the motion, and defendants excepted. The question is, had the defendants the right at that time, and under the circumstances of the case, to amend their plea. We think they had. There was no trial of the cause at the first term of the appeal. Upon defendant's motion it was dismissed. There was no occasion, therefore, for their moving *then* to amend. It being dismissed, and that decision reversed, and the cause ordered for a trial, as to the right of the defendants to amend, it was as if the case were called at the first term after the appeal. *Then* they usually have the right to amend. So in this case, they had, under the circumstances, when the case was called at the first term after the *remittiter* was received. (*See* 5th *Rule of Court, Hotch.* 943.) Upon this assignment the case must go back.

The suggestion of the presiding Judge to the plaintiff's counsel, that it would be necessary for him to prove that the defendants rented the property from the plaintiff, was perfectly correct. It was not only the right, but it was the duty of the Court to make that or any other suggestion, which he saw was necessary to the rights of either party.