PETER C. WILKIN, plaintiff in error, *vs.* GILFORD BOYKIN, defendant in error.

Although an action be brought in the statutory form for personalty which is alleged to be in possession of the defendant, yet, if the proof show a conversion by such defendant prior to the commencement of suit, a non-suit should not be ordered.

Trover. Pleadings. Before Judge KIDDOO. Miller Superior Court. October Term, 1875.

Reported in the decision.

I. A. BUSH, by JACKSON & LUMPKIN, for plaintiff in error.

A. HOOD; HOYLE & SIMMONS, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant in the statutory form, to recover the possession of a bale of cotton of the alleged value of $60 00. The defendant filed a plea of the general issue of not guilty, and that the defendant was not in possession of said bale of cotton at the time of the commencement of the plaintiff's action. It appears from the evidence in the record that, in the fall of 1874 the defendant sued out a possessory warrant against the plaintiff for the bale of cotton in dispute, and on the trial thereof before the justice, the possession of the cotton was awarded to the defendant in this suit, on his giving bond and security for its forthcoming, as provided by the statute in such cases. The plaintiff proved at the trial that he bought the bale of cotton from Holt in the fall of 1874, and paid therefor $41 75, and that it was worth that amount; that he bought it in his usual trade as a cotton buyer. Holt testified that he sold the bale of cotton to the plaintiff, and that it was the joint property of himself and defendant; that it was sold by him, by the direction of defendant, who said that there were so many *fi. fas.* against him that he was afraid to sell it,

Wilkin *vs.* Boykin.

as it might be levied on. It was also proven that after the defendant got possession of the bale of cotton under the possessory warrant, that he said he was going to let Cothran have it, and rolled it over to Cothran's store, and it afterwards disappeared. The plaintiff here closed his evidence, and the defendant made a motion for a non-suit on the ground that the plaintiff had not shown that the defendant was in possession of the bale of cotton sued for at the time of the commencement of the plaintiff's action, which motion the court sustained and non-suited the plaintiff's case, whereupon the plaintiff excepted.

This form of action, as prescribed by the 3390th section of the Code, for the recovery of personal property, was intended to simplify the pleadings in that class of cases, and to allow such evidence to be introduced under it as would have entitled the plaintiff to recover in an action of trover, inasmuch as the verdicts and judgments in the suits brought under that form may be the same as in actions of trover. It would have been competent, therefore, for the plaintiff to prove that the defendant had possession of the cotton before the commencement of the action and had converted the same to his own use. the more especially as in this case the cotton was turned over to the possession of the defendant under the possessory warrant, to abide the result of such suit as the plaintiff might institute therefor. The evidence shows that the defendant had possession of the cotton, and had converted it before the commencement of the action, and the plaintiff was entitled to recover the proven value thereof, although the defendant may not have had the actual possession of it at the time of the commencement of the action. In our judgment, the court erred in non-suiting the plaintiff's case on the statement of facts disclosed in the record.

Let the judgment of the court below be reversed.