## 44. GROOVER *v.* ILER.

To maintain an action of trover, the plaintiff must show title in himself, or the right of possession wrongfully withheld from him by the defendant.

Trover, from city court of Statesboro—Judge Brannen. February 19, 1906.

Submitted January 16,—Decided January 23, 1907.

*Deal & Lanier,* for plaintiff in error.

HILL, C. J. M. M. Iler brought suit in trover in the city court of Statesboro against J. W. Groover, for the recovery of certain personalty. On the trial of the case, a verdict was rendered against the defendant for forty-seven dollars, to be discharged by the delivery of the property sued for to the plaintiff within ten days. The defendant moved for a new trial, the motion was overruled, and the judgment overruling said motion is brought to this court for review. In the brief for the plaintiff in error the only assignments of error insisted upon are the general grounds, that the verdict is contrary to evidence and without evidence to support it, and contrary to law. The evidence in the record presents the following case: The defendant in the trover suit in the court below was the tenant of the plaintiff, living on the plaintiff's place, and became indebted to him, according to the plaintiff's testimony, in the sum of seventy dollars. He could not pay this debt, and agreed with the plaintiff that the personal property for which the suit was brought "could stand good for the debt, and that the title to the same could be in the plaintiff until the debt was paid." No price for said personalty was agreed on, and no value of the same was indicated. No delivery of the said property was made to the plaintiff, but it continued to remain in the possession of the defendant. Plaintiff testified, "I have never had possession of this property,

except that it was on my place, and he [meaning the defendant] promised not to move it off until he paid me what he owed me, which was about $70. Defendant was a tenant·living on my place, and had this stock and gun at his house. That is as near as I ever came to possessing the property. Defendant has had this cow, gun, and three hogs in his possession and control ever since he bought them, and has them now. At the time the defendant agreed for me to have the title to this property in dispute, nothing was said about the price to be paid for the different articles. There was no delivery of the property. There was no written agreement between the defendant and me in regard to the same. I never did buy this property in dispute from the defendant, nor never did try to buy it." The defendant in his testimony denied the indebtedness, or the pledge of the personal property for which trover was brought, to secure the payment of the indebtedness. But the evidence for the defendant is not material. The case as made by the plaintiff's own testimony clearly shows that he did not have the right to maintain an action of trover.

1. Trover is the statutory right to recover the possession of any form of personal property which has been wrongfully taken from the possession of the plaintiff. Civil Code, § 3887; *Burch* v. *Pedigo,* 113 *Ga.* 1160. And to maintain this action, the plaintiff must show either title in himself or the right of possession, or actual possession, and some wrongful interference therewith, and conversion of the property where the defendant is not in possession when the action is brought. The evidence of the plaintiff in the case now under review clearly shows, that he had never had possession of the personal property for the recovery of which trover was brought; that it was, at the time of the suit and before, in the possession of the defendant as the true owner; that he had never bought any of said property or agreed to buy it, or received any part of it in pledge as security for his debt. The utmost claim he set up to the property was a verbal promise of the defendant that the title to the property could remain in him until the debt was paid. There was no sale of the property by the defendant to the plaintiff, as there was no delivery, and no price agreed on. Civil Code, §§ 3526, 3545. There was no pledge of the property as security for the payment of the debt. Civil Code, § 2956. The evidence of the plaintiff clearly shows that he was not entitled to

maintain his action of trover; and the court below erred in not set-ting aside the verdict, and granting a new trial.

*Judgment reversed.*