## SOUTHERN EXPRESS COMPANY *v.* SINCLAIR.

1. The gist of an action of trover is conversion.
2. Where suit was brought in trover against an express company, alleging that it had possession of a trunk and contents belonging to the plaintiff, which it refused to deliver on demand, and the uncontradicted evidence showed that the trunk was transported to the place of destination, but was not delivered on the day of arrival, and was put in a place of deposit of the carrier, where it was consumed by a fire occurring during the succeeding night, and there was no conversion, or possession when demand was made and refusal to deliver, a verdict for the plaintiff was without evidence to support it, whether or not the failure to deliver on the day of arrival was negligent.

Argued November 29, 1907.—Decided March 26, 1908.

Complaint. Before Judge Hammond. Richmond superior court. April 18, 1907.

*F. G. du Bignon, Frank H. Miller,* and *William K. Miller,* for plaintiff in error. *C. H. & R. S. Cohen,* contra.

LUMPKIN, J. ' Thomas Sinclair brought an action for damages against the Southern Express Company, on account of the failure of the defendant, as a common carrier, to transport and deliver a certain trunk shipped from Augusta, Georgia, to New York city. He recovered a verdict, but, on motion, a new trial was granted. He then dismissed that proceeding, and brought an action of trover against the same defendant, to recover the trunk or its value. In the second action he did not allege that the defendant was a common carrier or plead any breach of duty imposed on it as such, or any breach of contract. He alleged, that "The Southern Express Company is in possession of the said trunk, with the contents as set forth in Exhibit A [which contained a list of articles alleged to have been in the trunk, and their values], and has refused to deliver the possession of said personalty to your petitioner, though demand has been made for said trunk and the contents thereof by your petitioner; that the value of said trunk and contents is three hundred and eighty ($380) dollars, and said trunk and contents is the property of your petitioner." He prayed that judgment should be rendered in his favor for the trunk and its contents, or for the value thereof. After verdict for the plaintiff, a motion for a new trial was made, which was overruled, and the defendant excepted.

The second proceeding was an action of trover. It was so treated by the parties, and so construed by the presiding judge in his charge. For reasons satisfactory to himself, the plaintiff dismissed his suit for damages against the defendant as a common carrier, and preferred to rely on a different form of action. The motion for a new trial presented a number of questions; but as we deem one of them controlling, it will be unnecessary to discuss the others.

Conversion is the gist of an action of trover. This involves an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation. If

the allegation that the defendant was in possession of the property of the plaintiff as carrier or bailee, and wrongfully refused to deliver it on demand, were shown to be true, this would support the action. For a bailee to repudiate the title of his bailor and tortiously to assert title in himself or in another, as against the demand of the bailor, would be a conversion. To show that a common carrier had delivered property of one to another not entitled thereto might suffice; or to show an actual misappropriation or misapplication of property, amounting to a conversion. But the evidence here showed, without conflict, that the express company was not in possession of the property at the time the suit was brought or the demand made for its delivery. It carried the trunk to Washington, and there delivered it to a connecting express company, which carried it to New York. An effort was made to deliver it to the consignee, but, failing to find the address which the company claimed was given to it, the second company's agents carried the trunk to their office or place of deposit, where goods not delivered during the day were kept, to await the claim of the owner. During the night following, the place of storage was burned, and the trunk was thus destroyed. No claim of wilful destruction is made. The plaintiff contends that the express company did not carry the trunk to the address which was given to it, and was therefore negligent in the matter of delivery, and became liable for the loss of the property by fire. Whether the facts contended for by the plaintiff are true or not, an action of trover was not the proper remedy. There was no conversion by the company. It did not deny the title of the true owner or refuse to deliver property in its possession, on demand, or deliver it to the wrong person. If there was negligence in the effort to deliver the trunk on the day of its arrival, and if the initial company was responsible therefor and liable either as a common carrier or as a warehouseman, that was a matter to be asserted in a different form of action. A plaintiff can not sue for a conversion and recover by proving that there was no conversion, but at most negligence in failing to promptly deliver, and a destruction by fire while the property was stored in a warehouse. The verdict, therefore, based upon this form of action was contrary to evidence and without evidence to support it. Owen *v.* Lewyn, Vent. 223; Anonymous, 2 Salk. 654; Davis & Son *v.* Hurt, 114 Ala. 146 (21 So. 458); Baker *v.* Malone

& Sons, 126 Ala. 510 (28 So. 631); Hawkins v. Davis, 68 Fed. 380 (15 C. C. A. 479); Wamsley v. Atlas Steamship Co., 168 N. Y. 533 (61 N. E. 896, 85 Am. St. R. 699); Rogers v. Huie, 2 Cal. 571 (56 Am. Dec. 363); 28 Am. & Eng. Enc. Law (2d ed.), 682; *Forehand* v. *Jones,* 84 *Ga.* 508 (10 S. E. 1090); and cases cited in 12 Michie's Dig. Ga. Rep. 253 (3), (4).

It is unnecessary to deal with the contentions touching the liability of the defendant for negligence of its connecting carrier, if any, or as to the effect of the valuation stated in the express receipt. Whatever may have been the liability of the defendant in an action against it as a common carrier, based on its contract or its duty at common law, under the allegations and the form of action employed, the evidence did not sustain the verdict.

*Judgment reversed. All the Justices concur.*