## 7747. SHORE *v.* BROWN.

BLOODWORTH, J. 1. "If the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit will be granted." Civil Code, § 5942.

2. Where the plaintiff fails to make out a prima facie case as stated above, and the defendant does not move for a nonsuit, the court may, in the economy of time and money, on its own motion enter judgment of nonsuit. *Moody* v. *Davis,* 10 *Ga.* 403 (3) ; *Moore* v. *Cameron,* 12 *Ga.* 265; *Kelly* v. *Strouse,* 116 *Ga.* 872 (8), 893 (43 S. E. 280).

3. Where the only evidence for the plaintiff was his own depositions, and during the reading thereof to the jury the attention of the judge was temporarily diverted, "which prevented a clear understanding of the evidence read," and where the case was allowed to proceed and evidence for the defendant was introduced, and "the court called for the depositions and read them over carefully," and called attention of counsel for the plaintiff to the fact that the evidence showed that the defendant went into possession of the property by agreement of the parties, and that no demand had been proved, and, in the opinion of the court, no conversion shown, and the judge asked counsel for the plaintiff if he had anything further to offer, and was answered in the negative, and thereupon the court on its own motion entered judgment of nonsuit, there was in this no error hurtful to the plaintiff, especially as the evidence, taken as a whole, would have authorized the judge to direct a verdict for the defendant. *Zipperer* v. *Savannah,* 128 *Ga.* 135 (4), 139 (57 S. E. 311) ; *Barnes* v. *Carter,* 120 *Ga.* 895 (2), 898 (48 S. E. 387) ; *Equitable Manufacturing Co.* v. *Davis,* 130 *Ga.* 67 (4), 71 (60 S. E. 262).

4. In this case the evidence of the plaintiff shows that the sawmill and fixtures for which suit was brought had been hired by him to the defendant for an indefinite period, and where there is such a bailment, before the plaintiff can recover in an action of trover, a demand and

refusal must be shown. *Baston* v. *Rabun*, 115 *Ga.* 378 (41 S. E. 568); *Loveless* v. *Fowler*, 79 *Ga.* 134 (4), 136. (4 S. E. 103, 11 Am. St. R. 107); *Dunn* v. *Cox*, 85 *Ga.* 141 (11 S. E. 582).

5. In trover conversion is the gist of the action. There must be some act of malfeasance, not mere nonfeasance, some positive wrong, and not the mere omission of what is right. Mere neglect of duty will not support an action of trover. *Southern Express Co.* v. *Sinclair*, 130 *Ga.* 372 (60 S. E. 849); *Savage* v. *Smythe*, 48 *Ga.* 562 (2); *Roll* v. *Black*, 2 *Ga. Dec.* 18; Bristol *v.* Burt, 7 Johns. (N. Y.) 254 (5 Am. D. 264): Fernald *v.* Chase, 37 Maine, 289-291; Sturgis *v.* Keith, 57 Ill. 451 (11 Am. R. 28).

6. An application to reinstate a case after a nonsuit is addressed to the sound discretion of the trial judge, and this court will not interfere unless that discretion is abused. This court can not say in this case that the judge abused his discretion. *Cooper* v. *Jones*, 24 *Ga.* 473 (3); *Brown* v. *Wyeth*, 119 *Ga.* 687 (46 S. E. 823); *City of Atlanta* v. *Miller*, 125 *Ga.* 495 (54 S. E. 538).; *Bird* v. *Burgsteiner*, 113 *Ga.* 1012 (39 S. E. 425); *Harrison* v. *Tate*, 100 *Ga.* 317 (27 S. E. 179).

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*

DECIDED MARCH 15, 1917.

Trover; from city court of Hall county—Judge Wheeler. July 7, 1916.

*E. D. Kenyon,* for plaintiff.   *J. O. Adams,* for defendant.