22625. NELSON v. FUQUA, administrator, et al.

DECIDED APRIL 26, 1933.

*Lester F. Watson, Lawton E. Bracewell,* for plaintiff.
*Blackshear & Blackshear,* for defendants.

JENKINS, P. J. This case arose on a money-rule involving priority between a landlord's lien and a laborer's lien. Hooks, dealing with Fuqua as agent of Mrs. Lowery, rented from her a farm for the year 1931. Finding it necessary to move away from the rented premises, he hired Nelson, the laborer, to work and gather the crop. The testimony for the laborer was: that some time in January, 1931, and soon after making the contract with Hooks, Nelson went to Fuqua as agent of Mrs. Lowery, the landlord, and "the manager of all her business," who had rented the land to Hooks, and told Fuqua of his trade with Hooks, and that he, Nelson, was to perform the labor and make the crop, but that Hooks did not have the money to pay the monthly wages, and they had agreed that Nelson was to be paid in the fall of the year out of the crop. He testified that Fuqua said that this would be all right, and that "if it were made in the crop, he would see that . . [Nelson] got his pay;" that relying on this assurance, Nelson performed his contract in full, made the entire crop, and on the failure of Fuqua, who in the fall of the year had become administrator of the deceased landlord, to permit the wages to be thus paid, foreclosed a laborer's lien on the crop; whereupon the administrator foreclosed a landlord's lien by distress warrant. Fuqua testified that Hooks in 1931 rented the land from Fuqua as "agent in fact" of Mrs. Lowery, as had been the case during the six preceding years, and that during such years "all the dealing was with [him] as her agent;" that he talked with both Hooks and Nelson with reference to the present transaction, but did not remember what was said, but that he did

not waive any of his or his sister's rights to collect the rent, and did not have any authority to do so. On the money-rule for the distribution of the proceeds of the crop, the judge directed a verdict in favor of the distress warrant.

1. Laborers have a special lien on the products of their labor superior to all other liens except liens for taxes and special liens of landlords on yearly crops, to which they are inferior. Civil Code (1910), § 3335.

2. Landlords have a special lien for rent on crops made on land rented from them, superior to all other liens except liens for taxes, to which they are inferior. Civil Code (1910), § 3340.

3. In accordance with the foregoing rules, a landlord's lien has priority on the proceeds of crops grown on rented premises, unless there be some conflicting agreement such as might operate to interfere with the general rule.

4. A general agent is one who has authority to act for his principal in all matters connected with the particular trade, business or employment, which, however, may be limited as to locality; or he may be one who is given entire and general control of the business of his principal of a particular kind. The authority of all agents, whether general or special, will be construed to include all necessary and usual means for effectually executing it. Civil Code (1910), § 3595. In the instant case it appears, without contradiction, that the agent had entire control of all the business affairs of his sister, the landlord, including the management and control of the farm in question. He, therefore, must be held to have been a general agent, and his alleged agreement with the laborer, in effect waiving in the laborer's favor his principal's priority of lien for rent on the crop raised on the rented premises, would be binding on the principal as landlord. This would be true, despite any private instructions or limitations upon the agent's authority not known to the person dealing with him as general agent.

5. The benefit accruing to the landlord in thus procuring the premises to be occupied and cultivated, and thereby increasing the prospect of the tenant to pay his rent from the crops produced, after the payment of the claim for labor, afforded sufficient consideration to support such an agreement.

6. Since, under the undisputed evidence, the agency was general in scope, and there is no proof that the laborer, dealing with

such general agent, knew of any private restrictions or limitations which would prevent him from making the alleged waiver, the fact that the agent testified that he was not authorized to make such waiver would not alter the effect of the rule. Whether the alleged waiver was actually made was a disputed issue of fact which should have been submitted to the jury.

Judgment reversed. *Stephens and Sutton, JJ., concur.*