33598. THOMAS *v.* CASE.

DECIDED JULY 16, 1951. REHEARING DENIED JULY 30, 1951.

*I. A. Blanch,* for plaintiff.

*Scott Hogg,* for defendant.

GARDNER, J. ■ There was evidence tending to support the verdict rendered, namely that the defendant was not indebted to the plaintiff for the amount of rent sued for. The jury were authorized to find from the evidence that the plaintiff, as landlord, had through his agent, a relative of the plaintiff, and whom they were authorized to find had authority in the premises, accepted the surrender of the premises, which he claims were under lease to the defendant, James J. Case, and that the premises had been used by the plaintiff, either for his own uses or by others. The premises involved were in Ohio. The jury were authorized to find that there was nothing due the plaintiff by the defendant, and the verdict of the jury was not without evidence to support the same and consequently contrary to law. Furthermore, the jury were authorized to find from the facts before them that the plaintiff left after renting the apartment to the defendant upon an extended trip to Europe and placed his nephew, George Morad, in charge of the premises, to collect the rents and generally to look after the premises. The jury could properly determine from the evidence that the plaintiff acted through his agent, in Ohio, who had authority to act not only for the landlord in collecting the rents on this apartment

in the City of Parma and State of Ohio, but had the authority to look after the premises for the principal, the landlord, and the plaintiff in this action.

The defendant was not required to show express authority in the plaintiff's agent to accept a surrender of the rented premises by the defendant.

It was sufficient if there were facts and circumstances in evidence from which the jury could legitimately infer or imply that the agent's authority embraced this power. The jury were clearly authorized so to find.

■ Error is assigned in the first special ground of the motion for a new trial that the court permitted certain statements to be made by James J. Case in his testimony which were prejudicial to the plaintiff, to wit, that the plaintiff was a Syrian and a foreigner. The evidence referred to is not shown, except generally as above set forth. The error assigned is that said remarks, which are not specifically set out, prejudiced the jury against the plaintiff, and that the court did not instruct the jury to disregard the remarks or to order the same stricken. It does not appear that any motion was made for the court to do so, or that any objection was made at the time the defendant so testified. No error appears from this ground of the motion for a new trial.

■ The second special ground of the motion for a new trial is but an amplification of the general grounds and is that "there is no evidence whatever to show authority on the part of George Morad or any one else to accept cancellation of the lease and surrender of the premises." The plaintiff contends that there is no evidence showing that he had given to his nephew express authority and that the burden was on the defendant to show this and that he had failed to carry this burden. The verdict rendered was not without evidence authorizing the jury to find that the agent, Morad, the nephew of the plaintiff, was acting for the plaintiff in looking after this apartment in Ohio, and that his acceptance of the keys and retaking of the premises amounted to cancellation of the rental agreement by the plaintiff.

■ Error is assigned in the third special ground of the motion for new trial on this charge of the court: "You will look

to the evidence of this case and ascertain for yourselves if the parties referred to by the evidence were the agents of the plaintiff and if you find from the evidence that if said parties were the agents of the plaintiff and that acting in the scope of their agency, did release the defendant and take possession of the apartment, then it would not be necessary for you to further consider the case and you should return a verdict in favor of the defendant." Plaintiff contends that this charge was error in that it conveyed the impression to the jury that there were facts in evidence from which it could be inferred that the plaintiff had conferred upon his agent authority to accept cancellation of the lease and surrender of the premises, that said charge was misleading and confusing, and that it assumed that ordinary agency to collect rent as testified to is sufficient to confer implied authority to accept cancellation of the lease and surrender of the premises, and that nowhere in the charge did the court correct the impression conveyed by said charge. A general agent is one who has authority to act for his principal in all matters connected with the particular matter or business, or he may be one who is given entire and general control and management of the matter or business of a particular nature. The authority of all agents, whether general or special, will be construed to include all necessary and usual means for effectually executing it. See *Nelson* v. *Fuqua*, 46 *Ga. App.* 754, 756 (169 S. E. 206) ; Code, § 4-301, and cases cited under annotation.

The jury were authorized to find that this agent, the relative of the plaintiff, lived in Ohio, and was empowered to and did collect the rents and generally looked after the rented premises for his uncle, the plaintiff. The jury were authorized to find that he had control of the affairs of the plaintiff concerning this apartment, its occupancy by the tenants, and the management of the building, and that he, therefore, must have been a general agent as to the premises, and his acceptance of the keys and the surrender of the premises and his retaking of possession thereof from the defendant, James J. Case, amounted to rescission and cancellation of the contract. The finding of the jury was to such effect. This charge was not without evidence to authorize it and was not contrary to law. The agent here is not at all like the agent involved in the case of. *International*

*Correspondence Schools* v. *Wright*, 47 *Ga. App.* 861(2) (171 S. E. 831), where there was no evidence, either direct or circumstantial, authorizing the jury to find or to infer that the agent was acting within his power to accept a cancellation of the contract sued on. This charge was not error for any of the reasons urged.

■ In the fourth special ground of the motion for a new trial, the plaintiff says that the court erred in failing to instruct the jury that the burden of proof was on the defendant to prove that the agent had authority to accept surrender of the premises and cancellation of the lease, and that an ordinary agency to collect rent does not confer such implied authority. There was no request to charge. The principle above set out was not entirely accurate and adjusted to the issues involved. The plaintiff would not have had to confer express authority on the agent here, his nephew, to accept surrender of the premises and to cancel the contract. The jury could find that the plaintiff had empowered such agent to have control and management of the rented premises and that he so acted, and from this the jury were authorized to find that this nephew had full power to deal with the premises, including management and looking after its occupancy and the tenancy of the occupants, and that this embraced the right and power to collect the rents and to accept a surrender of the premises. The court fully charged the jury, and, in the absence of any request, the court did not err in failing to charge the jury as above set out.

■ The plaintiff contends that the court erred in giving this charge to the jury: "The plaintiff contends that he rented the apartment described in the lease attached to these proceedings, in the amount of $125 a month, and that defendant owes seven months' rent under the lease. The defendant contends that in the absence of the plaintiff a relative of the plaintiff was acting as agent for the plaintiff and that acting as said agent did release defendant from the lease . . .and took possession of the property . . I have stated to you the substance of the plaintiff's petition and also defendant's plea. To get the allegations of the parties in specific detail you will have the pleadings . . out with you while you have the case under consideration. They constitute the contentions of the parties but

they are not to be considered by you as evidence in this case. The effect of the defendant's plea is to put the burden of proof upon the plaintiff to establish to your satisfaction by a legal preponderance of evidence that the allegations that the plaintiff makes are true, except that such as any are admitted by the defendant which will be taken as true. The preponderance of the evidence by which the plaintiff is thus required under the law to satisfy your minds means the greater weight of evidence." Error is assigned by the plaintiff on this charge in the fifth special ground of the motion. Plaintiff says that "said charge is error in that the court failed to charge that there being evidence of a lease signed in this case and that defendant occupied the premises pursuant to said lease, that the defendant had the burden on the issue of acceptance of cancellation of said lease and that the agent had authority to cancel the lease."

This charge was error. The burden of procedure was on the defendant to establish the special matters set up in his plea. The plaintiff had the burden of showing that there was a rental contract and that the defendant was his tenant under the lease or rental contract and that he was to pay $125 monthly and had not paid such sum and was in arrears for seven months' rent. When the plaintiff showed this he carried the burden and made a prima facie case authorizing the jury to find in his behalf. The burden of procedure from that point shifted to the defendant to prove the allegations of his plea. The defendant's plea was to the effect that he paid all rent due; that he paid the November rent, claimed by the plaintiff; that he then surrendered the premises by giving the keys to the apartment to the plaintiff's nephew and agent in charge of the renting of the apartment, and that the agent accepted the keys and took possession of the apartment from the plaintiff. This would be a cancellation and a release of the defendant. The plaintiff did not have the burden as to refuting this defense, but the defendant had the burden of sustaining the same by proof, by a preponderance of the evidence, and the jury were instructed that: "The effect of the defendant's pleas is to put the burden of proof upon the plaintiff to establish to your satisfaction by a legal preponderance of the evidence that the allegations that plaintiff makes are true, except such as are admitted by the defend-

ant which will be taken as true." This instruction was clearly inaccurate and did not correctly state where the shifting burden of procedure was. It tended to confuse and mislead the jury as to the burden of proof and to place on the plaintiff a much greater burden than that required, that is, that he would have to show not only that the case made by him was true but had the burden of showing that the defendant's plea was not true. The court said the effect of the defendant's plea was to put the burden of proof upon the plaintiff. This was not correct as to the defendant's special plea. The effect of the defendant's plea was to place upon the defendant the burden of establishing to the satisfaction of the jury, by a preponderance of the evidence the defense set up by the defendant therein, to wit, that there had been a surrender of the premises, an acceptance thereof by the plaintiff's agent by taking possession and a consequent cancellation of the lease, and that the defendant therefore, did not owe for the months claimed by the plaintiff under said lease contract. We realize that the burden of proof generally rests with the plaintiff in a case, or one affirming a situation. We also realize that ordinarily a trial court is not required to charge on the shifting burden of procedure in the trial of a case unless requested in writing to do so. But where the court, as here, charged in such a manner as to confuse the general burden of proof with the shifting burden of proceeding with testimony, it is error. See, in this connection, *Simmons* v. *Brannen,* 155 *Ga.* 494, 496 (117 S. E. 318); *Morgan* v. *Automobile Financing Inc.,* 180 *Ga.* 394 (178 S. E. 721); *Davison Chemical Corp.* v. *Hart,* 68 *Ga. App.* 413, 417 (23 S. E. 2d, 107), and particularly *Department of Revenue* v. *Stewart,* 67 *Ga. App.* 281 (4) (20 S. E. 2d, 40), as to the shifting burden of proceeding with testimony.

◾ The court did not err, as contended by the plaintiff, in failing to instruct the jury as to all the additional pleas that were stricken on demurrer, and that the pleadings being in the hands of the jury, said omission to charge confused the jury as to the issues involved in the case. Error is assigned on the failure of the court so to charge in the eighth special ground of the motion for a new trial. The court did not err in this regard. The jury were clearly instructed as to the issues, and the failure

of the court to specifically instruct the jury as to the additional pleas was not erroneous under the facts.

■ Because of the error of the court in this charge as complained of in the fourth special ground, which is ground **7** of the amended motion for a new trial, the grant of a new trial to the plaintiff is mandatory, such error being prejudicial to the plaintiff.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*