## 33749.   RAINES *v.* GRAHAM *et al.*

TOWNSEND, J.   1. In order to recover in an action of trover, the plaintiff is required to show either title or right of possession in himself to the property sought to be recovered (*Underwood* v. *Underwood,* 43 *Ga. App.* 643, 159 S. E. 725; *Birmingham Fertilizer Co.* v. *Dozier,* 13 *Ga. App.* 759, 762, 79 S. E. 927; *Boswell* v. *Ivie,* 31 *Ga. App.* 807, 122 S. E. 97), and a conversion by the defendant. *Hudson* v. *Gunn,* 20 *Ga. App.* 95 (92 S. E. 546).

2. "A general agent is defined to be one who is employed to transact generally all the business of the principal in regard to which he is employed, or in other words to do all acts connected with a particular trade, business, or employment, or to transact all the business of his principal of a particular kind or in a particular place." 2 C. J. 427, § 15; *Nelson* v. *Fuqua,* 46 *Ga. App.* 754, 756 (4) (169 S. E. 206); *Columbus Show Case Co.* v. *Brinson,* 128 *Ga.* 487 (57 S. E. 871); *Foster & Ackerman* v. *Jones,* 78 *Ga.* 150, 156 (1 S. E. 275); *First National Bank of Macon* v. *Nelson & Co.,* 38 *Ga.* 391, 399.

3. "The agent's authority shall be construed to include all necessary and usual means for effectually executing it. Private instructions or limitations not known to persons dealing with a general agent shall not affect them." Code, § 4-301; *Bacon* v. *Dannenburg Co.,* 24 *Ga. App.* 450 (1) (101 S. E. 699); *Nelson* v. *Fuqua,* supra.

4. Where it appears from the uncontradicted evidence that a person is the general agent of a partnership engaged in farming operations, that is, that such person had complete management of the partnership farm, including the hiring and discharging of employees, the purchasing of supplies for the farming operation, and the harvesting and selling of crops, and it further appears from the uncontradicted evidence that such general agent harvests and delivers a certain crop of peanuts, belonging to the partnership, to a third person or corporation, and such third person or corporation charges certain fertilizers and supplies furnished the partnership against the value of the peanut crop delivered to him or it, during the last three months of the year 1945, and the general agent informs a member of the partnership of his intention to take a promissory note from such third person, to which the partner's only reply is, "What good will that do?" and the general agent does accept a promissory note, made payable to the partnership, from such third person or corporation for the balance of the value of the peanuts after deducting therefrom the cost of the fertilizer and supplies furnished by him or it to the partnership, and nothing is said to such third person or corporation or to the defendant in trover until almost four years later, when the action for trover to recover the peanuts or their

value was instituted—the inference is demanded, as a matter of law, that the peanuts were sold to such third person or corporation at the time of their delivery by the general agent whose powers include that of sale of crops.

5. Any subsequent attempt by the partnership, or one of its members, to transfer or convey title, or right of possession, or any other interest, in the peanut crop itself is nugatory and without force and effect.

6. It follows, from what has been ruled in the foregoing divisions, that— whether or not the trial court erred in excluding the purported transfer by one member of the partnership of her interest in the peanuts to the plaintiff in trover, whether the partnership had been dissolved or not— the evidence demanded the finding that the plaintiff in trover had no title or right of possession in the peanuts, and the trial court did not err in directing a verdict for the defendants in trover.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED MARCH 19, 1952—REHEARING DENIED APRIL 2, 1952.

*Farkas, Landau & Davis,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, R. R. Jones,* contra.