38577.   BEN HYMAN & COMPANY, INC. v. SOLOW *et al.*

DECIDED FEBRUARY 1, 1961—REHEARING DENIED
FEBRUARY 15, 1961.

Harold Karp, A. Tate Conyers, for plaintiff in error.
Shoob & McLain, Marvin H. Shoob, contra.

JORDAN, Judge. Conversion is the gist of trover. *Southern Express Co. v. Sinclair*, 130 Ga. 372 (60 S. E. 849). It must be shown to support a recovery. *Raines v. Graham*, 85 Ga. App. 815 (70 S. E. 2d 125). Where the defendant admits possession of the property in question at the time the suit is brought or there is proof of such possession, a demand and refusal to deliver constitutes a prima facie showing of conversion by the defendant, which stands unless overcome by other evidence. *Mitchell & Co. v. A. C. L. R. Co.*, 34 Ga. App. 437, 440 (129 S. E. 901). Where, however, the defendant denies possession of the property at the time the suit is brought and there is no proof of such possession, an actual conversion of the property must be shown. *Allen v. Fader*, 17 Ga. App. 290 (86 S. E. 643).

Conversion has been defined as "an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation." *Wood v. Frank Graham Co.*, 91 Ga. App. 621, 622 (86 S. E. 2d 691). In order to prove such conversion "there must be shown some act of malfeasance, not mere nonfeasance, some positive wrong, and not mere neglect of duty" by the defendant. *Wood v. Frank Graham Co.*, supra, headnote 1. See *Shore v. Brown*, 19 Ga. App. 476 (5) (91 S. E. 909).

In the instant case there was undisputed testimony that the merchandise in question along with a substantial amount of merchandise belonging to the corporation of the approximate value of $10,000 had been stolen on July 10, 1958, when the defendant corporation's premises were burglarized. The record shows that one Joe Woods was convicted of the offense of receiving stolen goods obtained in the burglary. The president of the defendant corporation, having been called by the plain-

tiff for the purpose of cross-exemination, testified that after the merchandise in question was stolen, the diamonds described in the plaintiff's petition were found in the possession of an employee of the defendant corporation and that the corporation did not prosecute said employee in any way. He later testified that this employee was with Joe Woods when the police "broke the case."

It is contended by the plaintiff that this testimony was sufficient to create an issue for the jury on the question as to whether there had been a conversion of the property or whether the property had actually been stolen. There was no evidence that the merchandise in question was recovered or that it was in the possession of the defendant corporation, its officers or duly authorized agents at the time the suit was brought, and the president of the corporation testified that said merchandise was not in the possession of the defendant corporation.

It is our opinion that the testimony given by the president of the defendant corporation to the effect that, after the goods were stolen, they were subsequently found in the possession of an employee of the defendant corporation, is totally insufficient to authorize a finding either of possession or conversion of the merchandise in question by the defendant corporation or by someone duly acting for the benefit of the defendant corporation in the course of the corporation's business. There is no evidence whatsoever to show any "act of malfeasance or positive wrong" on the part of the defendant corporation necessary to meet the test of tortious conversion laid down in the cases cited above.

Accordingly, the evidence demanded a verdict for the defendant corporation, and the trial judge erred in denying the motion for judgment notwithstanding the verdict made in accordance with the previous motion for a directed verdict.

*Judgment reversed.  Townsend, P. J., Carlisle and Frankum, JJ., concur.*