### 38970. BYRD v. BYRD.

DECIDED SEPTEMBER 6, 1961—REHEARING DENIED
SEPTEMBER 22, 1961.

*A. W. Van Dyke*, for plaintiff in error.
*Haas, Dunaway, Shelfer & Haas, Wm. S. Shelfer*, contra.

BELL, Judge. ■ The relevant paragraphs added by amendment to the motion for new trial read in their entirety as follows: "4. Because the court refused to allow Mrs. Audrey Byrd, the plaintiff, while on the stand, and during the trial of the case, to answer the following pertinent questions asked by the movant:

" 'Q. When did you file your divorce action?' After which question plaintiff's attorney objected to that line of questioning and said objection was sustained. 'Q. Did you get a restraining order against Mr.——?' At which time said plaintiff's at-

torney again raised an objection which was sustained. 'Q. Now are you or or [sic] you not a defendant in Fulton Civil Court in another action between . . . ?' After which and before completion of the question plaintiff's attorney objected on the ground that it was not relevant or material and the court sustained said objection."

"5. Movant avers that he cannot state what the witness would have answered, if the witness would have been permitted to answer, because the witness was on cross-examination and the defendant was entitled to a thorough and sifting cross-examination."

It is at once readily apparent that the amended grounds to the motion for new trial are incomplete and do not raise any question which can be passed upon by this court. What the question would have been, if completed, is not shown, nor is it set forth how the refusal to allow the questions or the incompleted question, was in any way harmful to the movant. Further, there was no compliance with that portion of *Code Ann.* § 6-901 which requires that: "Motions for new trial . . . and assignments of error in the bill of exceptions need not set out therein portions of record or transcript of evidence, nor shall it be necessary that the grounds thereof be complete in themselves, but shall point out such parts of the record or brief of the evidence by page number as are necessary to an understanding of the error complained of."

The trial court correctly overruled the amended grounds of the motion for new trial.

■ This leaves for consideration the overruling of the motion for a new trial on the general grounds.

The plaintiff's action was in trover for the alleged conversion by the defendant of her personal property. "Conversion is the gist of an action of trover. This involves an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation." *Southern Express Co. v. Sinclair,* 130 Ga. 372, 373 (60 SE 849).

The plaintiff testified that she and the defendant were di-

vorced in June, 1959. The petition in trover, while undated, was returnable to the February term, 1960, of the Civil-Criminal Court of DeKalb County, and thus it was brought after the parties were divorced. She testified that the defendant was in possession of the property; that he had admitted to her that he was in possession; that she had demanded the return of it, and that he refused to return it. She testified further that the identified property was hers, being either gifts from the defendant or from her mother, or bought by her personally, or the property (in one instance) of her minor daughter.

The plaintiff's attorney also testified that he made a written demand for return of plaintiff's property upon the defendant on December 17 before the filing of the action, which the defendant looked at and threw in the garbage can. The defendant admitted receiving the demand; that he dropped it; retrieved it; "I think I read it later"; and gave it to his attorney.

While the evidence was in conflict, the jury by its verdict has resolved the conflict in favor of the plaintiff. From the evidence, the jury was authorized to find a conversion, which it did.

Although attempts were made to raise certain other assignments of error in appellant's brief, it is elementary that this cannot be done. Much of the argument in the brief, such as attacks upon the credibility of the plaintiff, would have been properly addressed to the jury, but is unavailing here, as the jury is the determinor of the credibility of the witnesses.

The trial court properly overruled the motion for a new trial on the general grounds.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*