41004, 41031. GRAHAM, Executrix v. STATE STREET BANK & TRUST COMPANY et al.; and vice versa.

DECIDED MARCH 5, 1965—REHEARING DENIED MARCH 25, 1965.

*Congdon & Holley, William P. Congdon, Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher, Harris, Chance, McCracken & Harrison, Henry T. Chance, Barry Williams,* for plaintiffs in error.

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller,* contra.

BELL, Presiding Judge. ■ Defendant rests this appeal mainly upon the contention that for thirteen of the cars no right to recover was shown as the plaintiffs failed to prove an actual conversion of the thirteen cars and failed to prove a demand for any of the cars and a subsequent refusal to redeliver them. This contention ignores the fact that defendant's answer to the petition denied plaintiffs' allegation of title to the property.

In trover conversion is the gist of the action. *Southern Express Co. v. Sinclair,* 130 Ga. 372, 373 (60 SE 849); *Shore v. Brown,* 19 Ga. App. 476, 477 (5) (91 SE 909); *Wood v. Frank Graham Co.,* 91 Ga. App. 621, 622 (86 SE2d 691). Ordinarily the plaintiff must show a conversion in order to recover. *Raines v. Graham,* 85 Ga. App. 815 (1) (70 SE2d 125); *Ben Hyman & Co., Inc. v. Solow,* 103 Ga. App. 152, 153 (118 SE2d 706). However, this requirement is not without exception.

*Code* § 107-101 provides that "it shall not be necessary to prove any conversion of the property where the defendant is in possession when the action is brought."

An exception to the exception (*Code* § 107-101) exists if the defendant acquired possession lawfully, and in this event it is necessary to prove either actual conversion or a demand for return of the property and defendant's failure or refusal to redeliver. See *Wood v. Sanders*, 87 Ga. App. 84, 86 (73 SE2d 55); *Colonial Credit Co. v. Williams*, 95 Ga. App. 76 (1) (97 SE2d 197); *Robbins v. Welfare Finance Corp.*, 95 Ga. App. 90, 96 (96 SE2d 892).

There is even an exception to the exception to the exception: "In an action in trover it is not necessary to prove any conversion of the property where the defendant is in possession when the action is brought [*Code* § 107-101] . . . and in his answer denies the averments of the plaintiff's title as contained in the petition. *Scarboro v. Goethe*, 118 Ga. 543 (45 SE 413)." *Securities Trust Co. v. Marshall*, 30 Ga. App. 379, 380 (3) (118 SE 478); *Dickerson v. Universal Credit Co.*, 47 Ga. App. 512, 513 (4) (170 SE 822); *Carter v. Hornsby*, 68 Ga. App. 424, 427 (23 SE2d 95); *Stanley v. Ellis*, 77 Ga. App. 12, 13 (47 SE2d 776); *King v. Loeb*, 93 Ga. App. 301, 305 (91 SE2d 532); *Stephens v. Millirons Garage, Inc.*, 109 Ga. App. 832, 833 (137 SE2d 563).

Since the defendant had denied plaintiffs' allegations of title to the property, the status of the evidence in this case authorized the jury to find for the plaintiffs under the latter rule even in the absence of proof of conversion or of demand and refusal. Evidence establishing plaintiffs' interest in the property was uncontradicted. As the evidence also authorized the inferences that defendant was in possession of the property when the action was brought and that plaintiffs had the right of immediate possession, the trial judge did not err in overruling the motion for new trial on the general grounds.

Special grounds 4, 5, 6 and 7 of the amended motion present nothing more than elaborations on the general grounds. The ruling on the general grounds necessarily disposes of them adversely to the movant.

■ Special ground 13 assigns as error the admission in evidence of three documents over defendant's objection. These documents were copies of three bills of sale to secure debt by

which the deceased defendant attempted to convey nine of the plaintiffs' cars to a third party. The defendant's objection was that these bills of sale to secure debt were "irrelevant and immaterial" to any issue involved in the case under the pleadings.

Under the short or "Jack Jones" form of pleading used by plaintiffs in this case, a plaintiff merely alleges the primary issue, rather than ultimate facts required under the common law form of pleading. In determining the admissibility of evidence and other trial matters, this pleading of the primary issue is treated as if the plaintiff actually pleaded whatever ultimate facts would be appropriate to the evidentiary facts available to support the action. Instead of proving the demand and refusal alleged sometimes fictionally, he may prove an actual conversion. *Wilkin v. Boykin*, 56 Ga. 45, 46. Under this form of action all proof would be admissible that would be admissible at common law for trover, detinue or replevin. *Macon & Western R. Co. v. Meador Bros.*, 67 Ga. 672, 674; *Breen v. Barfield*, 80 Ga. App. 615, 617 (56 SE2d 791).

The documents showing the attempted conveyances were evidence of conversion. See *Hogg v. Simmons*, 94 Ga. App. 83, 85 (1) (93 SE2d 779). As such evidence, two of these instruments were clearly admissible against defendant's objection.

As to the remaining document, defendant interposed the additional objection that it was inadmissible because it was not properly executed so as to entitle it to record. However, the fact which plaintiffs sought to prove by this document was established by another document, which was properly introduced in evidence and which was uncontroverted. Thus the latter of the three documents objected to was merely cumulative evidence of a fact which was already conclusively proven and thus, if error, was harmless to defendant.

■ Considering the portions of the charge objected to in special grounds 8 and 12 in connection with the charge as a whole, it is clear that the jury could not have been misled by the instructions complained of in these grounds. So far as material to the errors assigned, the matters dealt with in these portions of the charge were adequately explained to the jury elsewhere in the charge.

■ Ground 9 alleges that the court erred in a portion of the charge to the jury defining conversion because there was no evidence authorizing the charge. This ground is without merit, for the evidence referred to in Division 2 of this opinion was evidence of conversion authorizing the charge complained of here.

■ Ground 10 of the motion for new trial assigns error upon a portion of the charge to the jury in which the court explained that if the defendant had conveyed the property to another by means of a security instrument that act would constitute a conversion. Defendant contends that the charge was not authorized by the pleadings.

As shown in the above discussion of the "Jack Jones" form of pleading, the charge complained of was on an issue made by the pleadings. Regardless of whether the charge was not "authorized by the pleadings" as defendant contends, it still would not have been erroneous, because it was authorized by the evidence. It is not error if the court charges the jury upon a contention made by the evidence even if the contention was not made in the pleadings. *Davis v. McDuffie*, 35 Ga. App. 786, 787 (4) (134 SE 800).

■ Ground 11 assigns error upon an excerpt from the court's charge and contends that the court should have gone on to charge the jury as to the measure of damages that plaintiff would be entitled to recover. The ground does not allege the principles that the court should have given in charge. "Error may not be assigned on a pertinent and applicable instruction because another applicable provision of law is not also given in connection therewith." *Selman v. Central of Ga. R. Co.*, 108 Ga. App. 843, 845 (134 SE2d 816). An assignment of error complaining of the court's omission to charge some principle of law is insufficient to raise any question of error for determination where the assignment does not state in substance any definite principle which it is contended the court should have charged. *Elliott v. Robinson*, 198 Ga. 811, 812 (5) (33 SE2d 95).

■ Since the trial court committed no error in overruling the defendant's motion for new trial and the case must be affirmed, the plaintiffs' cross bill of exceptions is dismissed.

*Judgment affirmed on the main bill of exceptions; cross bill dismissed. Jordan and Eberhardt, JJ., concur.*