## 52631. McDANIEL v. WHITE.

STOLZ, Judge.

The plaintiff-appellant in this trover action appeals from a judgment by the trial court in favor of the defendant-appellee.

The plaintiff owned a Pantera automobile on which he owed payments of approximately $300 per month. As auditor and bookkeeper for Billy Davis, d/b/a Billy Davis Used Cars, the plaintiff made an agreement with his employer for the sale of the vehicle. The plaintiff delivered the automobile to Billy Davis Used Cars for the purpose of resale. He and Mr. Davis were to divide the profit received from the sale of the car less the unpaid balance due on the auto loan. Mr. Davis was to make all future payments on the vehicle. Davis kept the automobile on his lot for about six months, and paid the monthly installments regularly.

Thereafter, Mr. Davis "made a deal" for the sale of the car to the defendant, and the defendant took possession of the Pantera and left a Cougar automobile at the Davis Used Car Lot as a part of the deal. On that same day Cobb County officials issued a murder warrant for Mr. Davis, who did not thereafter return to the lot. On the following day, the defendant revoked his contract with Mr. Davis and returned to take possession of his Cougar. He failed to return the Pantera, but was not in possession of the vehicle at the time this action was filed.

In a trover action, it is necessary that the plaintiff prove either a conversion or a demand for his goods and refusal to return. *Wood v. Sanders,* 87 Ga. App. 84, 86 (73 SE2d 55) (1952). In the instant case the court held that neither of these elements had been proved.

1. The plaintiff claims that the trial court erred in

ruling that he failed to prove unequivocal demand and refusal of the defendant to return the property. There is evidence, however, to support this finding of fact by the judge. *Taylor v. Roberson,* 127 Ga. App. 23 (192 SE2d 383) (1972). The plaintiff contends that his demand for the return of the car is shown by the following testimony that he gave concerning a conversation with the defendant: "I told him the loan belonged to me, financed at the Commercial Bank, and I don't know what terms he and Mr. Davis had on the sale, but the loan was in the Commercial Bank and it did need to be paid off." In this conversation, however, the plaintiff informed the defendant of a loan against the vehicle — he did not make an unequivocal demand for the return of his property.

2. The plaintiff also alleges the existence of a demand and refusal by his bringing this action and the defendant's defending himself in court. "In trover conversion is the gist of the action. *Southern Express Co. v. Sinclair,* 130 Ga. 372, 373 (60 SE 849); *Shore v. Brown,* 19 Ga. App. 476, 477 (5) (91 SE 909); *Wood v. Frank Graham Co.,* 91 Ga. App. 621, 622 (86 SE2d 691). Ordinarily the plaintiff must show a conversion in order to recover. *Raines v. Graham,* 85 Ga. App. 815 (1) (70 SE2d 125); *Ben Hyman & Co. v. Solow,* 103 Ga. App. 152, 153 (118 SE2d 706). However, this requirement is not without exception. Code § 107-101 provides that 'it shall not be necessary to prove any conversion of the property where the defendant is in possession when the action is brought.' An exception to the exception (Code § 107-101) exists if the defendant acquired possession lawfully, and in this event it is necessary to prove either actual conversion or a demand for return of the property and defendant's failure or refusal to redeliver. See *Wood v. Sanders,* 87 Ga. App. 84, 86 (73 SE2d 55); *Colonial Credit Co. v. Williams,* 95 Ga. App. 76 (1) (97 SE2d 197); *Robbins v. Welfare Finance Corp.,* 95 Ga. App. 90, 96 (96 SE2d 892). There is even an exception to the exception to the exception: 'In an action in trover it is not necessary to prove any conversion of the property where the defendant is in possession when the action is brought [Code § 107-101] . . . and in his answer denies the averments of the plaintiff's title as contained in the petition. *Scarboro v. Goethe,* 118 Ga. 543 (45 SE 413).'

*Securities Trust Co. v. Marshall,* 30 Ga. App. 379, 380 (3) (118 SE 478); *Dickerson v. Universal Credit Co.,* 47 Ga. App. 512, 513 (4) (170 SE 822); *Carter v. Hornsby,* 68 Ga. App. 424, 427 (23 SE2d 95); *Stanley v. Ellis,* 77 Ga. App. 12, 13 (47 SE2d 776); *King v. Loeb,* 93 Ga. App. 301, 305 (91 SE2d 532); *Stephens v. Millirons Garage, Inc.,* 109 Ga. App. 832, 833 (137 SE2d 563)." *Graham v. State Street Bank &c. Co.,* 111 Ga. App. 416, 417 (1) (142 SE2d 99).

In this case the complaint alleged title in the plaintiff and possession of the car by the defendant. These allegations were denied by defendant. However, the trier of fact found that the defendant was not in possession of the vehicle at the time the suit was filed. This finding is supported by the record.

3. The plaintiff contends that the court erred in ruling that the plaintiff had not proved conversion or any element thereof. However, the court's decision in this respect was correct. Where a defendant lawfully acquires possession of the property in issue, there is no conversion in the absence of the above discussed demand and refusal. *Cotton v. Pendley,* 130 Ga. App. 552 (2) (203 SE2d 758) (1974); *Wood v. Sanders,* supra. In the instant case, the defendant lawfully came into possession when purchasing the plaintiff's vehicle, which had been consigned to Mr. Davis for sale. There was no testimony that the defendant either sold the automobile for his own profit or in any other way acted in hostility to the plaintiff's legal title after the contract was revoked. See *Southern Exp. Co. v. Sinclair,* 130 Ga. 372, 373 (60 SE 849) (1908); *James v. Newman,* 73 Ga. App. 79 (3) (35 SE2d 581) (1945).

4. In addition to demand and refusal or conversion, it is necessary for a plaintiff to prove title or right to possession in order to establish a prime facie trover case. *Groover v. Iler,* 1 Ga. App. 77 (1) (57 SE 906) (1907). One of the court's conclusions of law was that the plaintiff did not have a right of possession or title at the time of the initiation of this action. The plaintiff correctly contends that this ruling was erroneous. The uncontroverted evidence shows that the plaintiff held title to the Pantera and that he placed it for sale by Mr. Davis on a consignment basis. Therefore, the plaintiff not only had

title, but he also had a right to possession of the car which was good as against anyone but a bona fide purchaser from Davis, which the defendant was not. However, since the plaintiff failed to establish other elements of trover, this error is harmless. Code Ann. § 81A-161 (Ga. L. 1966, pp. 609, 664); *City Dodge, Inc. v. Gardner,* 130 Ga. App. 502, 505 (203 SE2d 729) (1975).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted September 21, 1976 — Decided October 22, 1976.

*William E. Otwell,* for appellant.
*William Edward Spence,* for appellee.